**UNITED STATES of America,**

v.

**"Jane DOE," Defendant.**

United States District Court,
E. D. New York.

April 21, 1982.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y., Charles Rose, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

## MEMORANDUM

NICKERSON, District Judge.

The United States Attorney has applied for an order, pursuant to the All Writs Act, 28 U.S.C. § 1651, directing the Ohio Bell Telephone Company (1) to supply the United States Marshal's Service with the telephone toll records of a subscriber for the past six months and (2) not to disclose the existence of this order without direction of the court.

The subscriber is the mother of "Jane Doe," a defendant who pled guilty to a narcotics offense and who failed to appear for sentencing on July 23, 1981. Judge Neaher issued a bench warrant for the defendant's arrest.

According to the affidavit of the United States Attorney, the Marshal is endeavoring to locate the fugitive and has determined that she now resides outside New York State. The Marshal seeks the toll records of a telephone number apparently assigned to the fugitive's mother. Prior investigations in other cases have shown that fugitives often maintain telephone contact with parents. Thus the Marshal believes that one of the numbers listed on the toll records will reveal the present whereabouts of the subscriber's daughter.

The Supreme Court "has repeatedly recognized the power of a federal district court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate . . . orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977). This power extends to persons who are not defendants and have not affirmatively obstructed justice if their assistance is needed to effectuate a prior order of the court and the assistance required is not burdensome. *Id.* at 174–75, 98 S.Ct. at 373. Under the circumstances of this case the court clearly has power to order the Ohio Bell Telephone Company to produce the records unless the fourth amendment is a bar. *See United States v. Field*, 193 F.2d 92, 95–96 (2nd Cir. 1951), *cert. denied*, 342 U.S. 894, 72 S.Ct. 202, 96 L.Ed. 670 (1951) and *cert. dismissed*, 342 U.S. 908, 72 S.Ct. 303, 96 L.Ed. 679 (1952).

A telephone subscriber has an interest in the confidentiality of a list of calls she has made because this record exposes her personal relationships. *See generally* A. Miller, The Assault on Privacy (1971). Conceivably the subscriber might be protected from widespread publication of this information by state tort law. This interest is not, however, protected by the fourth amendment to the United States Constitution. In *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), the Supreme Court held that the government need not obtain a search warrant before installing a pen register because a person has no legitimate expectation of privacy protected by the fourth amendment in phone numbers dialed.

It follows that the subscriber has no legitimate expectation of privacy in the telephone company's record of her toll calls. *United States v. Mountain States Tel. and Tel. Co.*, 516 F.Supp. 225, 232 (D.C.D.Wyo. 1981). Unlike the electronic pulses recorded by a pen register, toll listings are business records of a corporation, maintained for billing purposes, and subscribers are fully aware that these records are made. *United States v. Covello*, 410 F.2d 536 (2nd Cir.), *cert. denied*, 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969); *accord, Reporters Comm. for Freedom of the Press, et al. v. American Tel. & Tel. Co., et al.*, 593 F.2d 1030 (D.C.Cir.1978), *cert. denied*, 440 U.S. 949, 99 S.Ct. 1431, 59 L.Ed.2d 639 (1979); *United States v. Lustig*, 555 F.2d 737 (9th Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978). *See also United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Moreover, pen registers record local numbers dialed, information that is not kept by the telephone company for billing purposes. *Smith v. Maryland*, 442 U.S. at 745, 748–49, 99 S.Ct. at 2582, 2584.

Since the subscriber has no fourth amendment interest in her toll records, the government's application need only show facts indicating that the order requested is "appropriate to effectuate" the bench warrant. The order is appropriate here where the subscriber has substantial ties to and is likely to maintain telephone contact with the fugitive and the records are for a period after the fugitive disappeared. The application of the United States Attorney is granted.