**1038**

UNITED STATES of America

v.

Y

**Cr. No. SEALED.**

United States District Court,
D. Maryland.

Sept. 9, 1983.

---

J. Frederick Motz, U.S. Atty., and Robert N. McDonald, Asst. U.S. Atty., Baltimore, Md., for the U.S.

FRANK A. KAUFMAN, Chief Judge.

Defendant Y was convicted on May 11, 1979, of one count of Conspiracy and two counts of Interstate Transportation of Forged Securities, after he entered guilty pleas in connection with those charges. On July 5, 1979, this Court sentenced defendant Y to five years confinement on each count, the said three sentences to run consecutively, but suspended service of all but six months and placed the defendant on probation for five years. Defendant Y was ordered, as a special condition of probation, to make restitution in the amount of $17,923.27. On June 2, 1982, the Probation Officer of this Court to whom supervision of defendant Y had been assigned, petitioned this Court to issue a warrant for defendant Y's arrest, advising this Court that defendant Y had violated his probation by failing, *inter alia*, to pay restitution and to meet as directed with his probation officer. On June 24, 1982, this Court issued a warrant for defendant Y's arrest. Since that date, the U.S. Marshal's Service has been attempting to find and arrest defendant Y. Until this date, those efforts have not been successful. Recently, the Office of the U.S. Attorney for this district has filed a motion for an Order to be issued by this Court pursuant to the All Writs Act, 28 U.S.C. § 1651, directing the Chesapeake and Potomac Telephone Company of Maryland to provide toll record information with respect to the business and home telephone numbers of defendant Y's father. Both of those numbers service locations within the State of Maryland. The supporting affidavits of the Deputy U.S. Marshal, performing duties in connection with the attempts of the Marshal's Service to locate defendant Y, state that the said telephone toll records are sought to establish the location from which defendant Y has made collect calls, and that information concerning such location will aid the Marshal's Service to locate defendant Y and to execute the Court's aforementioned arrest warrant. The said government motion is supported by an affidavit from the said Deputy U.S. Marshal which reveals the name of the person who has provided information to him to the effect that defendant Y is regularly in contact with his father by telephone. The information is precise and specific and would appear reliable.

The government, in a memorandum supporting its said motion, asks this Court to

reconsider its decision in *United States v. Walters*, 558 F.Supp. 726 (D.Md.1980). In *Walters*, the government sought, in the alternative, pursuant to Federal Criminal Rule 17(c), the All Writs Act, and Federal Criminal Rule 41(b), an Order from this Court requiring two telephone companies, in the far West, which were not doing business in Maryland, to produce telephone records of the mother of the defendant and of a former employer of the defendant in order to aid the government to execute an arrest warrant for the defendant who had been indicted but not arrested or apprehended, for Wilful Failure to File Income Tax Returns pursuant to 26 U.S.C. § 7203 and 18 U.S.C. § 2. In its opinion in *Walters*, 558 F.Supp. at 730, supra, this Court noted that there was no allegation in that case, that defendant had used the telephone for the purpose of committing the income tax offenses. Additionally, this Court afforded to the government in *Walters* the opportunity (a) to show probable cause to believe that defendant had used or was using the telephone in furtherance of any federal offense such as 18 U.S.C. § 1073 and (b) thus to show that the government should be permitted to obtain the relief sought by it under Federal Criminal Rule 41(b)(3). The government did not, after the Court filed its aforecited opinion in *Walters*, avail itself of that opportunity. In the within case, the government has filed an affidavit which would appear to establish probable cause to believe that defendant has used and is using interstate telephone communications in furtherance of an offense under 18 U.S.C. § 1073(1), namely, to avoid prosecution for violation of the conditions of probation under an Order of this Court. It is additionally to be noted that in this case, as opposed to the situation in *Walters*, *see* 558 F.Supp. at 730–31, the property in question, namely, the telephone records, is located within the District of Maryland. Accordingly, the requirements of Federal Criminal Rule 41(a) and of Federal Criminal Rule 41(b)(3) would appear met. That latter rule authorizes the issuance of a search or seizure warrant for "property designed or intended for use or which is or has been used as the means of committing a criminal offense".

Under the circumstances, while this Court declines to change any of the views set forth by it in *United States v. Walters, supra*, and while this Court will not grant the motion of the government to direct the Chesapeake and Potomac Telephone Company of Maryland to provide the toll record information sought in the within case pursuant to the All Writs Act, it will, if the government submits an Order in appropriate form, grant the said relief pursuant to Federal Criminal Rule 41(a) and (b)(3).