601 F.Supp. 1039 (1984)
UNITED STATES of America
v.
X
Crim. No. (SEALED).
United States District Court, D. Maryland.
September 18, 1984.
*1040 J. Frederick Motz, U.S. Atty., Robert N. McDonald, and John G. Douglass, Asst. U.S. Attys., Baltimore, Md., for the U.S.

MEMORANDUM
FRANK A. KAUFMAN, Chief Judge.
This case involves the Government's motions for Orders directing the Chesapeake and Potomac Telephone Company of Maryland and a telephone company operating in a second state to provide toll records of two subscribers relating to certain limited, specified time periods. The Government seeks such records pursuant to the All Writs Act, 28 U.S.C. § 1651(a) in order to locate defendant X and to execute a warrant for the arrest of defendant X previously issued by a judge of this Court. Specifically, the Government contends that the toll records will be of critical importance in locating defendant X, and that without such records, the grand jury's indictment and this Court's arrest warrant may be "futile exercises." (See Government Memorandum at 1.) In support of its motions, the Government has filed an affidavit of a Special Agent of the Federal Bureau of Investigation (FBI) in which that agent has averred that defendant X was indicted by a grand jury of this Court on four (4) charges of violation of federal law, and was later arrested in a state other than Maryland and other than the state in which the out-of-state telephone company operates. Thereafter, defendant X was arraigned in the court located in that other state, released on bond, and subsequently disappeared. The Agent, in his affidavit, has stated that efforts to locate defendant X, both in Maryland and in the other state in which he was last seen, have proved unsuccessful. Accordingly, the Agent seeks the toll records of the telephone numbers listed to a close relative of defendant X who lives in Maryland, and to a close relative of defendant X who resides in a state in which the out-of-state telephone company operates, asserting that fugitives often maintain telephone contact with close relatives, and that the toll records may "disclose locations where [defendant X] is presently or recently has been residing." (Affidavit of the Agent, ¶ 13 at 3.)
In considering the Government's motions, this Court does not write on a clean slate as it has twice previously entertained similar motions. Indeed, in United States v. Walters, 558 F.Supp. 726, 728-30 (D.Md. 1980), this Court denied a virtually identical motion propounded by the Government, in which the Government sought to obtain telephone toll records of Pacific Northwest Bell and Mountain Bell in order to locate and apprehend a defendant pursuant to a valid arrest warrant. In declining to grant the Government's motion in Walters, this Court concluded that an Order for production of toll records under the All Writs Act may issue only where there exists probable cause to support the issuance of a search *1041 warrant for the records pursuant to Federal Criminal Rule 41, and wrote:
In the [U.S. v.] New York Telephone [Co.] case [434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977)], there was probable cause to believe that the telephone lines in question were being used for a criminal purpose, as part and parcel of the gambling operation. Accordingly, the District Court had power to authorize the installation of the pen registers under Rule 41(b)(3) which covers the issuance of a warrant to "search for and seize any ... (3) property designed or intended for use or which is or has been used as the means of committing a criminal offense." Only after concluding that the District Court was empowered to issue the pen register order under Rule 41 did the Supreme Court uphold the lower court's power to order the telephone company to provide assistance in implementing the Order, under the All Writs Act.
In the within case, by contrast, there is no allegation that [the] defendant has used the telephone for the purpose of committing the offenses for which he has been indictedwilful failure to file income tax returns. Accordingly, unless the government can, pursuant to some criminal statute such as 18 U.S.C. § 1073 (Flight to Avoid Prosecution or Giving Testimony), show probable cause to believe that defendant used or is using the phones in furtherance of a federal offense, such as flight to avoid apprehension, it does not appear that this Court has the authority under Rule 41(b)(3) to order the production of the telephone records in question.
Id. at 730.
Several years later, in United States v. Y, 601 F.Supp. 1038 (D.Md.1984), the Government sought toll records from the Chesapeake and Potomac Telephone Company of Maryland under the All Writs Act in order to locate a fugitive and effectuate an arrest warrant. In that case, the Government urged this Court to reconsider its earlier Walters decision, contending that a probable cause finding under Federal Criminal Rule 41(b) was not a prerequisite to an Order under the All Writs Act. This Court declined so to do, and held instead that the toll records would be ordered produced pursuant to Federal Criminal Rule 41(a) & (b)(3), as the property in question, namely, the toll records, were in that instance located entirely within the District of Maryland, and that there was probable cause to believe that the defendant was using the telephone in violation of federal law to evade apprehension. Thus, this Court could and did order the records produced under its Rule 41 power and did not need to reach the issue of whether such records could also be ordered produced under the All Writs Act.
In the pending case, the Government again urges this Court to reconsider its Walters opinion and notes that while a Rule 41 Order may be appropriate with regard to the records of the Chesapeake and Potomac Telephone Company, such an Order cannot issue in connection with the telephone company operating in a state other than Maryland, as those telephone records are located outside the District of Maryland.
Recently, this Court, acting pursuant to Federal Criminal Rule 41, has directed the Chesapeake and Potomac Telephone Company of Maryland to supply the Government with the toll records of the Maryland subscriber which the Government sought herein and at the same time has directed Chesapeake and Potomac Telephone Company not to disclose the existence of such Order to the subscriber for ninety days. Further, in this case, this Court has also recently entered an Order pursuant to the All Writs Act, directing the above-referenced out-of-state telephone company to supply certain toll records of the subscriber in that state, and to withhold disclosure of the existence of such Order to the subscriber for ninety days. In issuing that Order pursuant to the All Writs Act, this Court, upon reconsideration, has concluded that while the result reached in Walters may *1042 well have been correct,[1] the reasoning set forth therein, insofar as it relates to the All Writs Act, is not.
The All Writs Act, 28 U.S.C. § 1651(a), originally enacted as part of § 14 of the Judiciary Act of 1789, provides:
The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
In United States v. New York Telephone Co., 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977), Justice White wrote that a federal court may issue an Order under the All Writs Act where "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." In New York Telephone Co., the All Writs Order was necessary to prevent frustration of a Rule 41 pen register Order. However, other Orders, such as an arrest warrant, may also serve as the predicate for an All Writs Act Order. "The All Writs Act, read with the New York Telephone gloss, permits the district court, in aid of a valid warrant, to order a third party to provide nonburdensome technical assistance to law enforcement officers." Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).
In Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), Justice Blackmun, for a five to three majority, held that the Government need not obtain a search warrant before installing a pen register because a person does not have a legitimate Fourth Amendment expectation of privacy in the phone numbers he has dialed. In so concluding, Justice Blackmun wrote:
We doubt that people in general entertain any actual expectation of privacy in the numbers they dial. All telephone users realize that they must `convey' phone numbers to the telephone company, since it is through telephone company switching equipment that their calls are completed. All subscribers realize, moreover, that the phone company has facilities for making permanent records of the numbers they dial, for they see a list of their long distance (toll) calls on their monthly bills.
Id. at 742, 99 S.Ct. at 2581.
The Justice ended his opinion as follows:
We therefore conclude that petitioner in all probability entertained no actual expectation of privacy in the phone numbers he dialed, and that, even if he did, his expectation was not `legitimate.' The installation and use of a pen register, consequently, was not a `search,' and no warrant was required.
Id. at 745, 99 S.Ct. at 2583.
In United States v. Doe, 537 F.Supp. 838 (E.D.N.Y.1982), Judge Nickerson concluded that a telephone "subscriber has no legitimate expectation of privacy in the telephone company's record of her toll calls"; that the Government "need only show facts indicating that the order requested is `appropriate to effectuate' the bench warrant"; and that such a showing is made by the Government when information is appropriately presented to the Court, indicating that "the subscriber has substantial ties to and is likely to maintain telephone contact with the fugitive and [that] the records are for a period after the fugitive disappeared." Id. at 840. This Court finds Judge Nickerson's reasoning fully persuasive. Here, as in the case before Judge Nickerson, an Order pursuant to the All Writs Act is "necessary and appropriate," in the light of the Special Agent's statements that defendant X has disappeared; that efforts to locate him have been unsuccessful; that it is likely the defendant maintains telephone contact with his close relatives; and that it is likely the requested toll records will provide information concerning defendant's current whereabouts, *1043 thereby preventing frustration of this Court's earlier-issued arrest warrant. Further, the Order directing the out-of-state telephone company to provide the Government with telephone toll records of the subscriber for the limited period involved will not be "unduly burdensome," as such records are seemingly readily available and are maintained in the ordinary course of business. In fact, in this case, neither telephone company objected to providing the records; rather, each telephone company stated that it would await a Court Order before providing the records to the FBI. In this case, the Government has made a showing of need and appropriateness. That is all that the Government is required to do. It need not show probable cause that the telephone line in question was being used in furtherance of a criminal offense, because as Smith teaches, there is no privacy interest of the Maryland subscriber or the out-of-state subscriber in the respective toll records. See also Doe, supra at 840. Therefore, no Fourth Amendment rights, as such, are implicated, and all that the Government must do is to meet the All Writs Act's standards of appropriateness and need discussed by Judge Nickerson in the case before him. Accordingly, this Court has concluded that its reasoning in Walters was and is erroneous.
NOTES
[1] In Walters, the Government did not submit any information under oath pertaining to defendant Walters, his disappearance, and the need for telephone toll records in order to effectuate his arrest. See Walters, supra at 727 n. 1.