**UNITED STATES of America**

v.

**Donald L. BECKNER.**

**Criminal Action No. 93–60.**

United States District Court, M.D. Louisiana.

July 23, 1998.

*MEMORANDUM OPINION*

DUPLANTIER, United States Magistrate Judge.

Donald Beckner, formerly a defendant in this criminal case, has filed a "Motion for Return of Seized Funds." There appears to be no dispute as to any material fact; thus there is no need for an evidentiary hearing. Both Beckner and the United States have set forth their legal contentions fully in memoranda and neither has requested oral argument. For the following reasons, the motion is GRANTED.

In the second of his three trials[1], Donald Beckner was convicted of four counts of wire fraud and one count of perjury. He was sentenced to a term of imprisonment, a fine of $50,000, and a special assessment of $250. Also, he was ordered to make restitution in the amount of $450,000 to certain designated victims of the fraudulent scheme in which he was convicted of participating. Several days after Beckner filed a notice of appeal, the United States recorded the judgment, which included the order of restitution, in the real estate records of East Baton Rouge Parish, creating under Louisiana law an encumbrance on all of Beckner's real estate in that parish. The government also filed a notice of lien in the amount of $450,000 "in favor of the United States upon all property and rights to property, movable and immovable, belonging to" Beckner.

Beckner had a loan from City National Bank secured by a first mortgage on an office building which he owned. Following his conviction and incarceration, Beckner was unable to make the loan payments. In an attempt to generate income to make the payments, Beckner's agent located a potential lessor for the building, who required as a prerequisite to leasing the building that the

---

1. The jury was unable to reach a verdict in Beckner's first trial; a mistrial was declared.

government subordinate its lien to the lease. The government refused to do so. Several months later, in order to avoid foreclosure by the bank, Beckner sold the building. The government agreed to release its lien on the building, on the condition that it receive all of the net proceeds of the sale. From the proceeds of the sale the government received a cashier's check in the amount of $134,-484.46 payable to the U.S. Courts, National Fine Center. The funds were sent to the Administrative Office of the United States, National Fine Center.

Beckner alleges, and the government does not dispute, that he requested that the government not distribute the money pending appeal. Despite that request, the National Fine Center disbursed the funds to the victims identified in the judgment. However, approximately $24,000 was not deliverable and was returned to the National Fine Center.

After the National Fine Center distributed the funds, the Fifth Circuit reversed Beckner's conviction and remanded the case for a new trial. *United States v. Beckner*, 69 F.3d 1290 (5th Cir.1995). Thereafter Beckner requested that the government return the amounts paid. The government returned the $250 special assessment but declined to return the rest of the money.

Following a third trial Beckner was again convicted. The resulting judgment included the same order of restitution as in the judgment after his first conviction and a special assessment of $200. No additional restitution payments were made; however, Beckner did pay the $200 special assessment. Finding insufficient evidence of guilt, the Fifth Circuit reversed Beckner's conviction. *United States v. Beckner*, 134 F.3d 714 (5th Cir. 1998).

Pursuant to a recent court order, the government returned to Beckner the non-disbursed funds totalling $24,022.40. The United States still refuses to repay to Beckner the funds disbursed by it to the victims, the sum of $110,639.11. In the motion under consideration Beckner seeks the return of that amount.[2]

**JURISDICTION**

■ The government contends that the court lacks subject matter jurisdiction. The government urges that if Beckner's claim sounds in tort, there is no jurisdiction because Beckner has not filed an administrative claim, as required by the Federal Tort Claims Act (28 U.S.C. § 2675(a)), and that if the claim sounds in contract, the court lacks jurisdiction under the Tucker Act (28 U.S.C. § 1346(b)), because the claim exceeds $10,-000.

However Beckner's claim is classified, the All Writs Act (28 U.S.C. § 1651) confers jurisdiction on this court to adjudicate it:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In *United States v. Lewis*, 478 F.2d 835 (5th Cir.1973), the Fifth Circuit stated:

> We can see no reason why a person who has paid a fine pursuant to an unconstitutional statute should be required to resort to a multiplicity of actions in order to obtain reimbursement of money to which he is entitled. Since the district court was empowered to set aside the conviction, it could also correct the unlawful result of the conviction and require the repayment of the money collected as fines. This it could do without requiring the bringing of another action.

The Ninth Circuit cited *Lewis* with approval in *Telink, Inc. v. United States*, 24 F.3d 42, 46–47 (9th Cir.1994):

> We agree with the Fifth Circuit's holding that the recovery of the wrongly paid fines is "incident to the vacating and setting aside" of the wrongful conviction.

The government attempts to distinguish *Lewis* because there, unlike here, the United States was the ultimate recipient of the fine paid by the defendant and ordered returned to him after his conviction was set aside. The distinction is irrelevant for purposes of subject matter jurisdiction. The principle

---

**2.** After this motion was filed the government

agreed to refund the $200 special assessment.

enunciated in *Lewis* is applicable here; this court has jurisdiction to carry out its obligation to completely vacate all aspects of the erroneous judgement issued by it.

■ On the merits of the motion, the government urges that Beckner is not entitled to the return of the funds because he voluntarily tendered to the government the proceeds from the sale of his office building. While it is true that the government did not receive Beckner's money as a result of a foreclosure sale instituted by it, in no way could it be said that Beckner's payment was voluntary.

The government concedes that City National Bank was prepared to foreclose on the building. As the owner, Beckner was entitled to exercise his right to sell the property. The government interfered with that right by recording a judgment which was not final and a lien pending Beckner's appeal, effectively compelling payment to the government of the funds which otherwise would have been paid to Beckner. Such a payment under those circumstances can hardly be deemed to be voluntary. Beckner did nothing to acquiesce in the judgment against him.

The government contends that it has no obligation to repay Beckner the funds which it disbursed to the victims because it no longer has the funds, suggesting that it is Beckner's obligation to pursue restitution from those to whom the government paid the money. The government offers neither logic nor authority to support this argument. Pursuant to the judgment entered against him, Beckner's money was paid to the United States government through its agency the National Fine Center, not to the identified victims. It was the government, not the victims, which exacted payment from Beckner by filing the judgment and notice of lien. The government foolishly disbursed Beckner's money to third parties before there was a final judgment that such restitution was due by Beckner. The government must therefore repay Beckner.

The government argues that Beckner has "no one to blame for his current difficulties but himself," because he failed to move to stay the execution of the restitution order under Rule 38(e) of the Federal Rules of Criminal Procedure. One can only speculate as to the outcome had such a motion been filed. It is interesting to note however, that as a result of the government's opposition, the court denied Beckner bail pending appeal from the judgment which ordered the restitution, causing Beckner to be imprisoned for ten months on that judgment, later annulled by the court of appeal.[3] In any event, considering all of the circumstances which led to the government obtaining and distributing Beckner's money, over his objection, one has difficulty concluding that Beckner is to be blamed "for his current difficulties." The government cites no authority to support its contention that Beckner's failure to file a motion to stay execution of the judgment is fatal to this claim for the return of his money.

In this criminal case the final judgment is that Beckner owed restitution to no one. The government chose to disburse Beckner's money to claimants to whom Beckner owed nothing. As in any other situation in which payment of a judgment subject to reversal on appeal is exacted pending appeal, the recipient who exacted the payment owes repayment. In order to be relieved of the effect of the erroneous judgment, Beckner certainly should not have to pursue those to whom the government made a gift of his money.

The government must reimburse Beckner the amount disbursed by the government to the victims, the sum of $110,639.11. Judgment will be entered accordingly.

---

**3.** After the second conviction, also set aside on appeal, the court *sua sponte* granted Beckner bail pending appeal.