IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,597

STATE OF KANSAS,
*Appellee*,

v.

BRIAN C. BAILEY,
*Appellant*.

SYLLABUS BY THE COURT

A litigant waives or abandons an issue by not supporting an argument with pertinent authority or explaining why the argument is sound despite a lack of pertinent authority.

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed July 30, 2021. Affirmed.

*Brittany E. Lagemann*, of Olathe, was on the brief for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  In an earlier appeal, we remanded this case after deciding a clerical error may have led to restitution being mistakenly collected from Brian C. Bailey. On remand, the district court found a clerical error and ordered it corrected. But the

1

district court held it could not order the return of restitution previously collected and distributed to Bailey's victims. Bailey appeals the district court's decision to not order the refund of amounts outside the possession of the district court. We affirm, concluding Bailey did not show that the district court has authority in a criminal case to order third parties to return those funds.

FACTS AND PROCEDURAL BACKGROUND

Bailey is serving a life sentence on felony murder for the death of a gas station attendant during one of a series of armed robberies he committed. We affirmed his convictions on direct appeal. *State v. Bailey*, 247 Kan. 330, 340, 799 P.2d 977 (1990), *cert. denied* 500 U.S. 920 (1991). Since we affirmed his conviction, Bailey has filed several motions to correct an illegal sentence, and those motions have led to multiple appeals. See *State v. Bailey*, 306 Kan. 393, 394, 394 P.3d 831 (2017) (recounting history of appeals).

This appeal relates to one of Bailey's pro se motions to correct an illegal sentence. In this one, he claimed a collection agency wrongfully collected restitution during his imprisonment. His motion led to a prior appeal and to this court holding no order authorized restitution despite a clerk's notation in the Johnson County District Court case management system saying an order existed. The notation caused the file to be flagged for collection, which led to its referral to a collection agency. We concluded a clerical error could have led to the collection, and we remanded Bailey's motion to the district court to decide whether any clerical error required correction. See *Bailey*, 306 Kan. at 397-98 (citing K.S.A. 22-3504[2]).

2

On remand, Bailey filed a new motion for "an order regarding restitution." During a hearing on the remand issue and the new motion, the district court questioned its authority to order a third-party collection agency or Bailey's victims to return the restitution. The district court said it needed time to research that question.

In a later order, the district court found the clerk's office erred when it entered a notation in the case management system reflecting a restitution judgment. The district court ordered the error corrected and that collection efforts cease.

The district court next considered the restitution previously collected. It ordered funds within the clerk's control returned to Bailey. But it refused to order the collection agency or the victims to return funds to Bailey. The district court found the issue to be one of first impression in Kansas. It turned to *United States v. Hayes*, 385 F.3d 1226 (9th Cir. 2004), as persuasive authority. And based on that decision, the district court determined it lacked authority to order the return of funds distributed to victims.

The district court determined, in the alternative, that most of Bailey's request was barred by the statute of limitations found in K.S.A. 60-513(a)(2), which requires an injured party to bring an action to recover personal property within two years of the taking of property. Citing *State v. Jamerson*, 54 Kan. App. 2d 312, 399 P.3d 246 (2017), the district court reasoned K.S.A. 60-513 applied because Kansas courts treat an order of restitution like any other monetary judgment obtained in a civil suit and thus the Kansas Code of Civil Procedure governs the enforcement of restitution against a sentenced defendant. The district court also found that Bailey knew in 2007 that restitution was being collected but did not challenge the order until 2013. Bailey had thus not sought return of his money within the two-year statute of limitations.

Bailey appeals. We have jurisdiction under K.S.A. 2020 Supp. 22-3601(b)(3) (appeal taken directly to Supreme Court in "any case in which a maximum sentence of life imprisonment has been imposed"). See *State v. Robinson*, 309 Kan. 159, 432 P.3d 75 (2019) (postconviction proceeding; defendant subject to life sentence); *State v. Davisson*, 303 Kan. 1062, 1064, 370 P.3d 423 (2016) (same); *State v. Szczygiel*, 294 Kan. 642, 279 P.3d 700 (2009) (same).

ANALYSIS

K.S.A. 2020 Supp. 22-3504(b), previously K.S.A. 22-3504(2), supplies the authority for a district court to correct any clerical error at any time. Here, the district court determined a clerical error required correction. The district court properly ordered the clerk to correct the entry in the case management system to no longer reflect restitution due when, in fact, the court had never ordered it.

Bailey asked the district court, and now asks this court on appeal, to go further and order the return of funds distributed to victims or held by a third-party collection agency. But K.S.A. 2020 Supp. 22-3504(b) does not authorize a court to do anything more than correct the clerical order. And Bailey offers no other statutory or other binding authority nor does he explain why his position is sound despite a lack of supporting authority. Noting this, the State contends this court should hold that Bailey waived or abandoned his argument that he can recover improperly collected restitution in his criminal case. We agree.

We have consistently held the failure to support an argument with pertinent authority or explain why a position is sound despite the lack of authority to be akin failing to brief the issue. And such a failure leads to a party waiving or abandoning an

4

argument. E.g., *State v. Tague*, 296 Kan. 993, 1001-02, 298 P.3d 273 (2013). Our review of Bailey's authority leads us to conclude that Bailey has waived or abandoned any argument that he can recover improperly collected restitution through his criminal case.

On appeal, Bailey relies on three cases:  *United States v. Beckner*, 16 F. Supp. 2d 677 (M.D. La. 1998); *United States v. Venneri*, 782 F. Supp. 1091 (D. Md. 1991); and *People v. Nelson,* 369 P.3d 625 (Colo. App. 2013), *rev'd* 362 P.3d 1070 (Colo. 2015), *rev'd* 581 U.S. ___, 137 S. Ct. 1249, 197 L. Ed 2d 611 (2017).

These cases differ significantly from Bailey's because each involves a conviction overturned on appeal or set aside on collateral review. See *United States v. Beckner*, 69 F.3d 1290 (5th Cir. 1995) (reversing conviction after deciding government did not present sufficient evidence of guilt); *Venneri*, 782 F. Supp. at 1092 (recounting procedural history and prior order setting aside conviction after statute underlying the conviction held unlawful); *Nelson,* 369 P.3d at 627 (recounting procedural history that led to retrial and acquittal). In contrast, Bailey's conviction stands, and Bailey has not shown that any victim who received restitution did not suffer a loss because of his actions. Rather, his complaint relates to the procedure that caused the victims to receive compensation due them. As a matter of equity, Bailey's position differs from the former defendants in the cases he cites.

Additionally, those courts cited a statute or court rule from their respective jurisdiction that authorized the court to return the funds. The federal courts in *Beckner*, 16 F. Supp. 2d at 678, and *Venneri*, 782 F. Supp. at 1094, relied on the federal All Writs Act, 28 U.S.C. § 1651(a), which provides:  "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The *Beckner* court held

5

this provision conferred authority for the court "to carry out its obligation to completely vacate all aspects of the erroneous judgment issued by it." 16 F. Supp. 2d at 679. And the *Venneri* court held the Act allows a federal court to issue orders "'necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" 782 F. Supp. at 1095. Bailey points us to no provision of Kansas law that extends to Kansas courts authority like that of the All Writs Act. Nor does he cite *any* authority supporting a refund for a defendant who still is under sentence for a valid conviction.

The Colorado Court of Appeals in *Nelson* also relied on a rule that it decided granted authority to order the repayment of restitution from public funds. 369 P.3d at 630 (citing Colorado Rule of Criminal Procedure 57[b]), *rev'd* 362 P.3d at 1072, *rev'd* 137 S. Ct. 1249. But, in a decision not cited by Bailey, the Colorado Supreme Court reversed that holding. The Colorado Supreme Court held that "a trial court must have statutory authority to order a refund from public funds." And while an exonerated defendant could seek a refund of costs, fees, and restitution through the refund process created by Colorado's Exoneration Act, the trial could not order a refund of costs, fees, and restitution as part of a criminal proceeding without statutory authority to do so. 362 P.3d at 1072.

Thus, the Colorado Supreme Court's decision supports the district court's decision here and specifically its conclusion that it needed authority to grant relief to Bailey in his criminal case. Even though the United States Supreme Court reversed the Colorado Supreme Court in *Nelson*, 137 S. Ct. 1249, it did not disturb the Colorado Supreme Court's holding that Colorado law supplied no authority for a refund in a criminal proceeding. Instead, it reversed on a separate issue that Bailey does not raise—due process. On the due process issue, the Colorado Supreme Court held there was no due

6

process problem under Colorado's Exoneration Act, which allowed Colorado to keep conviction-related assessments unless the prevailing defendant proved innocence by clear and convincing evidence. The United States Supreme Court disagreed, concluding the prevailing defendants "should not be saddled with any proof burden. Instead, . . . they are entitled to be presumed innocent." 137 S. Ct. at 1256; see 137 S. Ct. at 1258 ("To comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated.").

But Bailey does not stand before us as an exonerated defendant or as a defendant who prevailed on appeal by having his conviction reversed. Nor does he assert a due process argument. Thus, in the *Bailey* line of cases, the one most applicable is the Colorado Supreme Court decision holding a court needs authority to reimburse a defendant in a criminal case. *Nelson*, 362 P.3d at 1072.

In summary, Bailey provides this court no authority to support his argument that a Kansas district court can order a third party to return restitution improperly collected through his criminal case. He has waived or abandoned the issue by not supporting his argument with pertinent authority or explaining why the argument is sound despite a lack of pertinent authority.

We thus do not decide the issue he raises or decide whether the district court properly relied on *Hayes*, 385 F.3d 1226, which is also distinguishable. There, a clerical error did not lead to the collection of restitution, as is the case here. We also do not reach the alternative holding of the district court that Bailey's claims were barred by a two-year statute of limitations. Having concluded that Bailey waived his argument, we need not

7

address this alternative holding. Cf. *David v. Board of Norton County Comm'rs*, 277 Kan. 753, 760, 89 P.3d 893 (2004).

We thus affirm the district court's judgment although on a different basis from that cited by the district court. Cf. *State v. Lindemuth*, 312 Kan. 12, 13, 470 P.3d 1279 (2020).

Affirmed.