IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,411

STATE OF KANSAS,
*Appellee*,

v.

DARNELL LEE HUEY,
*Appellant*.

SYLLABUS BY THE COURT

A verdict may be supported by circumstantial evidence so long as the evidence provides a basis for a reasonable inference by the fact-finder. Fact-finders may infer a material fact from circumstantial evidence even though the evidence does not exclude every other reasonable conclusion or inference.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 9, 2020. Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed June 17, 2022. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant solicitor general, argued the cause, and *Derek Schmidt*, attorney general, was with him on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  The Kansas Offender Registration Act (KORA), K.S.A. 2020 Supp. 22-4902 et seq., requires most individuals convicted of certain offenses to report at least four times a year to a registering law enforcement agency in the county in which,

1

among other things, the offender resides. A jury convicted Darnell Lee Huey of failing to register in Shawnee County in November 2017 as required because Shawnee County was the county of his residence and November is one of the months he must report. Huey appeals, arguing the circumstantial evidence presented at his trial did not support a reasonable inference that he resided in Shawnee County in November 2017 and therefore the evidence could not support his conviction.

We reject his arguments and affirm his conviction.

FACTUAL AND PROCEDURAL BACKGROUND

Huey's obligation to register under KORA arises after a Shawnee County District Court jury found him guilty of robbery and criminal use of a financial card. Huey used a gun during the robbery, which he committed on or about May 6, 2010. The judge imposed a prison sentence and declared that Huey's use of the gun meant he was a violent offender who must register under KORA. The Court of Appeals affirmed his conviction. *State v. Huey*, No. 106,091, 2012 WL 3966528 (Kan. App. 2012) (unpublished opinion).

After serving his sentence, Huey was released from prison in early June 2017. K.S.A. 2020 Supp. 22-4905(a) required Huey, as a violent offender, to register with a law enforcement agency within three days of entering the county where he intended to reside, work, or go to school. He did so, registering in person at the Shawnee County Sheriff's Office on June 6, 2017. Huey signed a form under penalty of perjury that included information about Huey's conviction and other information specific to him. Someone added a handwritten note saying, "just released," and wrote in the name of his parole officer, identified his residence at an address in Shawnee County, and noted he was unemployed, did not attend school, and had no vehicles. The form asked for any anticipated or temporary addresses; Huey did not add any information in response.

2

The form also included explanations of Huey's registration requirements with a line before each on which Huey added his initials, showing he had notice of the requirement. One provision informed him he had to report and register during the month of his birthday and every third, sixth, and ninth month before and after his birthday month. See K.S.A. 2020 Supp. 22-4905(b). Huey's birthday is in February, so he was thus required to register in February, May, August, and November. Huey also initialed a line that informed him a change in residence would require him to report in person and register within three days at "the registering law enforcement agency or agencies where last registered and provide written notice to the Kansas bureau of investigation." See K.S.A. 2020 Supp. 22-4905(h).

Following Huey's first registration in June 2017, he again registered in person at the Shawnee County Sheriff's Office in September 2017. As he had in June, Huey signed a form that listed his residence at an address in Shawnee County, he did not list any anticipated change in his residency, and he initialed the same notices about his registration requirements.

Huey then failed to register in Shawnee County during November 2017—the ninth month after his birthday. This failure led to the State charging Huey with a registration violation under K.S.A. 2020 Supp. 22-4905(b) for his failure to report and register in the county in which he resides, works, or attends school.

During a jury trial on the charge, a Shawnee County Sheriff's Office registration clerk testified Huey had not registered with her office in November 2017. Nor had the office received any notification that Huey had moved to another jurisdiction. The State also submitted three exhibits: Huey's registration forms from June and September 2017, which showed Huey's residence at an address in Shawnee County, and a certified copy of Huey's underlying conviction, which showed the jury convicted him of crimes committed in Shawnee County. The State presented no direct evidence of Huey's residence,

3

employment, or schooling in November 2017. The jury convicted Huey of violating the registration requirements.

Huey appealed his conviction to the Court of Appeals, arguing the State had failed to prove he lived in Shawnee County in November 2017. Two of three members of the Court of Appeals panel held the State had presented sufficient evidence to infer that Huey was still residing in Shawnee County in November 2017 and thus had an obligation to register there. *State v. Huey*, No. 121,411, 2020 WL 5993905, at *2 (Kan. App. 2020) (unpublished opinion). The majority stressed that the registration forms included an acknowledgment by Huey that he had to notify the Shawnee County Sheriff's Office if he changed his residence. 2020 WL 5993905, at *2.

Dissenting from the Court of Appeals decision, Judge Gordon Atcheson concluded the jury crossed the line from "reasonable inference to unreasonable speculation." *Huey*, 2020 WL 5993905, at *3 (Atcheson, J., dissenting). This was because the evidence showing that Huey lived in Shawnee County in September "was insufficient to support a reasonable inference rather than mere speculation that he still lived in Shawnee County nearly three months later." 2020 WL 5993905, at *4 (Atcheson, J., dissenting).

Huey timely petitioned for review, which this court granted. This court's jurisdiction is proper under K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions), and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

Before us, Huey relies heavily on Judge Atcheson's dissent and argues the jury could not reasonably infer he resided in Shawnee County in November 2017 just because

4

he had resided there in June and September 2017. He thus contends the evidence was insufficient to show he failed to meet his registration obligation.

On appeal, we review Huey's sufficiency of evidence challenge by examining all evidence in the light most favorable to the State and determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. In doing so, we do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Euler*, 314 Kan. 391, 395, 499 P.3d 448 (2021).

As we apply that standard, we do so with recognition that the State presented no direct evidence of where Huey lived, worked, or attended school in November 2017. The State's case thus turns on circumstantial evidence. Our appellate courts have long recognized that a verdict may be supported by circumstantial evidence so long as the evidence provides a basis for a reasonable inference by the fact-finder. Fact-finders may infer a material fact from circumstantial evidence even though the evidence does not exclude every other reasonable conclusion or inference. *Euler*, 314 Kan. at 395. As the United States Supreme Court has stated, an appellate court's role is not to

> "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' [Citation omitted.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

We recently applied these principles in *Euler*. There, we considered whether sufficient circumstantial evidence established a defendant's location when she allegedly committed a crime. The State needed to prove the defendant was in Johnson County when a stolen credit card was used for an online purchase. But the State presented no evidence of her location at the precise time of the crime—11:53 a.m.—although it

5

presented uncontroverted evidence about the defendant's movements that day. She started her day at her residence in Johnson County, later in the morning went to a Division of Motor Vehicles (DMV) office, and around 1 p.m. went to her place of work in Johnson County to pick up her paycheck. The State presented no direct evidence of the DMV's location, but it argued the jury could infer it was in Johnson County. Despite the lack of direct evidence of the DMV's location or of the defendant's location when the stolen credit card was used, we held evidence of her location at other times during the day, coupled with the fact that she lived and worked in Johnson County, supported a reasonable inference that she was in Johnson County when the crime was committed. *Euler*, 314 Kan. at 395.

Here, we face a similar pattern, although over a longer period. As the Court of Appeals dissent points out, the span of two months between Huey's early September registration and his November 30 registration deadline weakens the inference. Even so, as in any circumstantial case, we must look at all the evidence and do so in the light most favorable to the State. Through that lens, Huey's long-running ties to Shawnee County support the reasonableness of the inference the jury necessarily made to conclude that Huey resided in Shawnee County in November 2017. What the jury knew was:

- Huey committed a robbery in 2010 in Shawnee County;
- After being tried, convicted, sentenced to prison, and released, he returned to Shawnee County;
- In June and September 2017, he reported in person at the Shawnee County Sheriff's Office and registered, each time listing the same Shawnee County address as the location of his residence;
- When he registered in June and September, the form asked if he had a temporary residence or anticipated having another address, and he provided no information;

6

- When he registered, he was told he needed to report and register if he changed his residence;
- There is no record that he reported any change of address between September 2017 and November 2017; and
- He did not report in Shawnee County in November 2017.

From this the jury knew that Huey had established ties in Shawnee County over a span of seven years, had come to Shawnee County to live when released from prison, and had continued to reside in Shawnee County from June to September. He also had not said in September that he expected to establish a new residence.

Like the dissenting Court of Appeals judge we can easily imagine evidence the State could have introduced to make a stronger case that Huey resided in Shawnee County in November 2017. And we can see why a rational fact-finder could entertain a reasonable doubt about whether the State had proven all elements of the charged crime. We also agree with the dissent that little can be read into the fact that Huey did not report a change of residence given that he did not report at all. But those things do not mean the evidence was insufficient to convince *any* rational fact-finder of Huey's guilt beyond a reasonable doubt. The evidence need not exclude every reasonable conclusion or inference. And it need not convince all appellate judges beyond a reasonable doubt.

Instead, we will affirm the conviction if the evidence provides a basis for a reasonable inference that Huey resided in Shawnee County in November 2017. Applying the applicable standard of review, we conclude the evidence furnishes a substantial basis of fact from which a rational trier of fact could have found beyond a reasonable doubt that the State proved all the elements of an offense in violation of K.S.A. 2020 Supp. 22-4905(a), including the element that Huey resided in Shawnee County in November 2017. And, while Huey made additional arguments about error during the oral arguments before us, the sufficiency of the evidence argument is the only one preserved through

7

briefing and considered by us. See *State v. Bailey*, 313 Kan. 895, 897, 491 P.3d 1256 (2021) (party abandons issue by failing to adequately brief it).

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

\* \* \*

ROSEN, J., dissenting:  I dissent from the majority's decision. I would adopt Judge Atcheson's reasoning to conclude that the State failed to provide sufficient evidence to prove beyond a reasonable doubt that Huey resided in Shawnee County on November 30, 2017. *State v. Huey*, No. 121,411, 2020 WL 5993905, at \*4 (Kan. App. 2020) (unpublished opinion) (Atcheson, J., dissenting). The State offered evidence showing Huey lived in Shawnee County on September 8, 2017, but it produced no evidence of Huey's residence or whereabouts after that date. Consequently, I believe the finding Huey was living in Shawnee County almost two months later was not a reasonable inference, but a matter of speculation. The majority compares this case to *State v. Euler*, 314 Kan. 391, 395, 499 P.3d 448 (2021), where we found sufficient evidence to support an inference the defendant was present in Johnson County at a certain time based on evidence of her whereabouts hours before and after that time. We do not have that kind of evidence here. The jury was given no indication of where Huey resided in the weeks leading up to the alleged failure to register, during the alleged failure, or after the alleged failure. This is not the same case as *Euler*. I would hold there was not sufficient evidence to find Huey guilty and reverse his conviction.