410 P.2d 502

**STATE of Arizona, City of Phoenix, Real Party in Interest ex rel. Merle L. HANSON, Phoenix City Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, Edwin Thurston, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Michael Joseph Fleming, Real Party in Interest, Respondents.**

No. I CA–CIV 314.

Court of Appeals of Arizona.

Feb. 3, 1966.

Rehearing Denied March 1, 1966.

Review Denied March 29, 1966.

Merle L. Hanson, Phoenix City Atty., by Barry Leverant, Asst. City Atty., for petitioner.

Shannon, Fleming & Stephenson, by Lawrence J. Fleming, Phoenix, for respondents.

STEVENS, Chief Judge.

The petitioner seeks a writ of certiorari in relation to an order entered by the Superior Court directing the City of Phoenix to repay Fleming a $15 fine which Fleming paid upon a conviction in the Municipal Court in the City of Phoenix, which conviction was vacated on appeal to the Superior Court. The petition was scheduled for an informal hearing before this Court pursuant to Supreme Court Rule 1(c), 17 A.R.S. The matter was fully presented at the informal hearing and the petition was taken under advisement.

Fleming was charged with the failure to stop at a red light in violation of A.R.S. Section 28–645. The offense was charged in the Municipal Court of the City of Phoenix. A.R.S. Section 22–402 vests the Municipal Court with jurisdiction to hear offenses which are violations of state statutes with certain jurisdictional exceptions which we need not note here.

On 13 April 1965, Fleming was adjudged guilty and sentenced to pay a $15 fine. Fleming promptly gave "oral notice of appeal" to the Superior Court and the Municipal Court fixed the appeal bond in the sum of $30. In lieu of the posting of a bond Fleming paid the $15 fine. Within the 10 days allowed by A.R.S. Section 22–371, subsec. B, as amended, he filed his written notice of appeal. He did not post an appeal bond. A defendant has the right to appeal without posting a bond, State v. Superior Court, 93 Ariz. 351, 380 P.2d 1009 (1963). A.R.S. Section 22–372 authorizes a stay of execution of the sentence only if a bond is posted. The condition of the bond is set forth in subsection B of this Section as follows:

"The condition of the bond shall be that defendant prosecute his appeal with effect and pay any fine and surrender himself in execution of any imprisonment imposed by the superior court on the appeal."

The record discloses that Fleming prosecuted his appeal with effect. A.R.S. Section 22–373 requires that the Municipal Court forward to the Superior Court "all papers in the case and a copy of all proceedings had therein as shown by his docket, and all orders, bail bonds or securities taken in the action, * * *". The petitioner especially calls our attention to the fact that this section does not require that the fine be forwarded. Upon a successful appeal, A.R.S. Section 22–374, subsec. B states that "the court shall discharge defendant and exonerate his bail". The petitioner urges that by necessary implication, this section does not authorize the court to enter an order directing the return of the fine.

Fleming was successful on his appeal in that the charge against him was dismissed. In connection with this action, the court ordered that the fine be refunded and the City Treasurer of the City of Phoenix declined to make the refund. Fleming sought to enforce the order of refund and the Superior Court thereafter entered the following order:

"Pursuant to Defendant's Order to Show Cause, it is ordered that William A. Mayer, Treasurer of the City of Phoenix, refund and pay over to the Defendant, Michael Joseph Fleming, the sum of Fifteen ($15.00) Dollars with said sum to be paid within thirty (30) days of this Order."

It is this order which is the subject of the petition now before us. No procedural questions are raised. The proper manner of presenting a claim to the City of Phoenix is not raised. The sole issue is Fleming's right to the refund of the fine.

The City of Phoenix prosecuted this case in the Municipal Court in the name of the State of Arizona. The staff of the City Attorney of the City of Phoenix appeared for the State of Arizona in the prosecution in the Municipal Court. Fines levied in the Municipal Court, even though for a violation of a State statute, are payable to the Treasurer of the municipality, A.R.S. Section 22–404. On appeal, the case is not prosecuted by the County Attorney who has the responsibility of representing the State in criminal cases before the justice of the peace and before the Superior Court, but continued to be prosecuted by the City Attorney. Ex parte Coone, 67 Ariz. 299, 195 P.2d 149 (1948), citing on page 302 thereof, the 1925 Arizona decision of Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032. Had the offense been a violation of a City Ordinance and had the State (City of Phoenix) been successful in the prosecution of the offense on the appeal to the Superior Court, the fine if any, would have been payable to the City Treasurer, A.R.S. Section 13–1675.

It is urged that had Fleming been sentenced to confinement and had he then appealed without bond, he would have been required to remain in confinement until his sentence expired or until he had been successful on the appeal. In the event of success on appeal, there would of course be no way to "refund" the time that he had served. The correctness of this statement does not establish the fallacy of Fleming's position in this case. The notice of appeal was given within the time prescribed by law and there would be no hardship on the part of the City of Phoenix to hold fines which are subject to appeal in a separate fund until the notice of appeal has been given. Had a bond been posted, the City would have been obligated to refund the fine even though the fine had been paid prior to the posting of the bond.

It is our opinion that the remedy of appeal must be complete and adequate whether a bond is posted or not. On a successful appeal the person charged is entitled to all the benefits of his success. Where there is a motor vehicle moving violation, the conviction would be removed from his record and would not be charged against his accumulation of points, if any, with the Arizona Highway Department. The fine paid in lieu of bond and possibly in lieu of confinement until he could post bond and until the appeal could be perfected, is to be restored to him. It is our opinion that the trial judge was within his jurisdiction in ordering the refund of the fine. The issuance of the mandate in this matter will constitute an order quashing the petition.

CAMERON and DONOFRIO, JJ., concur.