**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Jack L. LEWIS, Defendant-Appellee.**

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**James L. WILLOZ, Defendant-Appellee.**

Nos. 72-2524 and 72-2740.

United States Court of Appeals, Fifth Circuit.

May 29, 1973.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, John R. Schupp, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellant.

Virgil Wheeler, Jr., New Orleans, La., for defendants-appellees.

Before JONES, GODBOLD and IN-GRAHAM, Circuit Judges.

JONES, Circuit Judge.

The narrow question on this appeal is whether the amounts paid as fines which were imposed after pleas of guilty to criminal charges made pursuant to a statute which was subsequently determined, retroactively, to be unconstitutional, may be recovered in a coram nobis proceeding attacking the validity of the convictions. The facts of the case, the decision of the district court and the reasons for its decision are set forth in its opinion. United States v. Lewis, E.D.La. (1972), 342 F.Supp. 833.

This cause would require less in the way of adjudication if the party holding funds exacted under an unconstitutional statute was not an entity which could and does assert sovereignty as justifica-tion for its refusal to restore such funds to them from whom they were received.

We are in accord with the district court's decision and with the basis for its decision. It is appropriate, however, that there be some further discussion of the matters which the Government has stressed on appeal.

The Government concedes, although it has little choice to do otherwise, that the judgments of the district court must be affirmed insofar as they set aside the convictions of Lewis and Willoz. The Government asserts that, although the statute under which the fines were imposed were in violation of the Constitution, nevertheless if there is to be any recovery, which the Government does not concede, it must be by a separate action brought under the Tucker Act. 28 U.S. C.A. § 1346(a). This statute is one which confers a jurisdiction upon the district courts. It is not procedural. We can see no reason why a person who has paid a fine pursuant to an unconstitutional statute should be required to re-sort to a multiplicity of actions in order to obtain reimbursement of money to which he is entitled. Since the district court was empowered to set aside the conviction, it could also correct the un-lawful result of the conviction and re-quire the repayment of the money col-lected as fines. This it could do without requiring the bringing of another ac-tion. The Ninth Circuit, in a proceed-ing brought under 28 U.S.C.A. § 2255, has required the repayment of a fine il-legally collected. Smith v. United States, 9th Cir. (1961), 287 F.2d 270, cert. de-nied, 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed. 2d 856.

The Government says that the appel-lants cannot recover in any event or by any existing remedial procedure because there is no express statutory authority for such relief. Just as the imposition of a fine is an incident of a criminal con-viction, so is the direction for repayment an incident to the vacating and setting aside of the conviction.

The judgments of the district court are, in all things,

Affirmed.