Norman L. **LOGAN**

v.

**SUPERINTENDENT, VIRGINIA STATE PENITENTIARY.**

Civ. A. No. 74–0440–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 5, 1975.

Norman L. Logan, pro se.

Andrew P. Miller, Atty. Gen. of Virginia, Richmond, Va., for defendant.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff petitioner brings this civil rights action seeking monetary compen-

sation for time served under a prior void conviction and praying that the time which he served under the prior void conviction be credited to a subsequent unrelated conviction. Defendant is the Superintendent of the Virginia State Penitentiary. The claim for monetary compensation arises under 42 U.S. C. § 1983 and jurisdiction is conferred by 28 U.S.C. § 1343. The claim for sentence credit is in the nature of a habeas corpus action and jurisdiction is conferred by 28 U.S.C. § 2241. This matter comes before the Court on defendant's motion to dismiss accompanied by an exhibit which the Court treats as a motion for summary judgment.

On February 7, 1961, Logan was sentenced to twenty years confinement upon a conviction for first degree murder. Logan was paroled on April 15, 1969, and while out on parole he was arrested on statutory burglary and malicious wounding charges and was convicted for those two offenses in the Circuit Court for the City of Colonial Heights, Virginia, on August 5, 1971. He was sentenced to a term of three years on the statutory burglary conviction and eight years on the malicious wounding conviction, to be served consecutively. On August 14, 1973, his 1961 conviction was voided and he now seeks both compensation and sentence credit for the eight years and ten weeks served under that conviction.

■ Compensation for time spent confined pursuant to subsequently voided conviction is unavailable in a § 1983 action. The Eleventh Amendment bars exaction of compensation from the State. See Edelman v. Jordan, 415 U.S. 651, 94

S.Ct. 1347, 39 L.Ed.2d 662 (1974). Judges and prosecutors are protected by judicial and prosecutorial immunity. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (judicial immunity from monetary liability in a civil rights suit); Weathers v. Ebert, 505 F.2d 514 (4th Cir. 1974) (prosecutorial immunity). If compensation is sought from the correctional authorities, they may assert the defense of confinement in good faith pursuant to a presumptively valid order of a court of competent jurisdiction. Cf. Steinpreis v. Shook, 377 F.2d 282 (4th Cir. 1967). In sum, although Logan may have a theoretical right to damages for time served under a void conviction and may be deserving of such relief, there exists no "person" under the present law from whom compensation may be had.

■ Logan also prays that the time that he served under the void 1961 conviction be credited to the time that he is now serving on the 1971 convictions. Defendant's motion to dismiss this "credit" claim is well taken because a prisoner has no right to have credited to a subsequent sentence time served under a prior void unrelated conviction. Miller v. Cox, 443 F.2d 1019 (4th Cir. 1971). Even though Logan has not presented his "credit" claim to the State courts, the Court will dismiss on the merits without requiring exhaustion because the claim is foreclosed by the law in this circuit. Ham v. North Carolina, 471 F. 2d 406 (4th Cir. 1973).

Accordingly, defendant's motion for summary judgment shall be granted and the complaint/petition shall be dismissed.