Caryn FACKRELL, Plaintiff
and Respondent,

v.

Douglas LeRoy FACKRELL,
Defendant and Appellant.

No. 19597.

Supreme Court of Utah.

July 1, 1987.

Pete N. Vlahos, Ogden, for plaintiff and respondent.

Lyle W. Hillyard, Logan, for defendant and appellant.

DURHAM, Justice:

According to appellant (father), the parties to this action divorced in 1977. Respondent (mother) was awarded custody of the pair's three youngest children; father was granted custody of the eldest child and ordered to pay child support for the children in mother's care.

The parties reconciled and remarried in 1980, but had the remarriage annulled within the same year.

Father alleges that following the breakup of the remarriage, mother orally agreed to reduce the child support amount. Mother later initiated an order to show cause proceeding, claiming that father owed the amount of child support set forth in the original decree. Father appeared pro se. After a hearing, the district court issued a final order on April 14, 1983, requiring father to pay child support in accordance with the original decree. On May 6, 1983, father, now represented by counsel, filed a document captioned "Defendant's Objection to Order on Order to Show Cause and Motion to Reconsider." That motion argued that mother was estopped from collecting the original award of child support because she agreed to accept a lower amount. The motion also asserted that father was improperly denied credit against owed child support for certain expenditures he had made for the children. Because we

dispose of this matter on procedural grounds, we do not reach the merits of father's substantive claims.

◼ Father's brief does not contain citations to the record as required by Rule 24(a)(7) of the Rules of the Utah Supreme Court. If counsel on appeal does not provide adequate citations to the record, the judgment of the lower court is presumed to be correct. *Trees v. Lewis,* 738 P.2d 612, 56 Utah Adv.Rep. 8 (1987); *State v. Tucker,* 657 P.2d 755, 756 (Utah 1982).

Further, the "motion to reconsider" filed in the trial court is itself problematic. The motion contains no indication, in either its caption or its body, of the provision of the Utah Rules of Civil Procedure authorizing the motion, nor is the authority for the motion apparent from its content. The lack of reference to the provision under which such a motion is brought greatly increases the burden on both the trial and the appellate courts by making it difficult to determine not only the substantive merits of the appeal, but also whether the motion was timely filed. If, for example, the motion is properly characterized as one for a new trial, it must be filed within ten days. Utah R.Civ.P. 59(b). However, if the motion is characterized as one for relief from a judgment, the time limitations set forth in Utah Rule of Civil Procedure 60(b) are controlling. *See also* R.Utah S.Ct. 4(b) (the thirty-day period during which appeals may be taken does not begin to run until the rejection of certain post-judgment motions).

◼ On appeal, father describes his motion as having been made under both Utah Rule of Civil Procedure 59(a)(6) and (7) and Utah Rule of Civil Procedure 60(b)(1) and (7).[1] If the motion is treated as one under Rule 59, it was filed later than ten days after the entry of final judgment and was therefore properly rejected by the trial court. *See* Utah R.Civ.P. 59(b) (new trial motions must be made within ten days after entry of judgment).

◼ Treating the motion under Rule 60(b)(1) or (7) likewise does not save this appeal and prevents us from reaching the merits of the trial court's original order. A Rule 60(b) motion does not extend or toll the thirty-day period in which appeals in the original action must be filed. *See* R.Utah S.Ct. 4(b). We therefore cannot consider father's attack on the order refusing to modify child support and decide only the issue of whether it was error for the district court judge to have rejected father's motion.

◼ Utah Rule of Civil Procedure 60(b) allows a judge to grant relief from a judgment under certain enumerated circumstances or under 60(b)(7) for "any other reason justifying relief from the operation of the judgment." Father offers his pro se status in the trial court as a reason compelling relief from the judgment under Rule 60(b)(1), which allows a party to be relieved of a judgment because of surprise, mistake, inadvertence, or excusable neglect, and under Rule 60(b)(7). Mother argues that it would be unfair to allow father to use this excuse because the district court advised him of the perils of pro se representation and he chose to represent himself anyway. Father has not provided a transcript and therefore cannot contradict mother's assertion that he was warned and stated that he was aware of what he was doing.

The absence of a transcript precludes a meaningful review of the district court's denial of father's request for relief from the judgment, particularly in light of the parties' contradictory assertions about the degree of father's cognizance about the potential consequences of his pro se status. As we stated in *Sawyers v. Sawyers,* 558 P.2d 607 (Utah 1976):

Appellate review of factual matters can be meaningful, orderly, and intelligent only in juxtaposition to a record by which lower courts' rulings and decisions on disputes can be measured. In this case without a transcript no such record

---

1. Father asserts, without argument, that his motion was authorized by a local rule of practice. However, a local rule of practice cannot extend the thirty-day period in which appeals must be taken, so we need not consider that assertion.

was available, and therefore no measurement of the district court's action can be made as urged upon us by defendant. *Id.* at 608–09.

Father's claim that he was unrepresented is most logically viewed as an attempt to gain relief for excusable neglect under Rule 60(b)(1). *See Kanzee v. Kanzee,* 668 P.2d 495, 497 (Utah 1983). In reviewing a trial court's decision under Rule 60(b), we disturb the trial court only if it has abused its discretion. *Corbett v. Fitzgerald,* 709 P.2d 384, 386 (Utah 1985); *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973). Father has not demonstrated an abuse of discretion on the trial judge's part and has indeed offered us no reason why his actions, even if we presume them neglectful, were excusable. The decision of the trial court is therefore affirmed.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, Associate Chief Justice, concurs in the result.