**STATE of Alaska, Appellant,**

v.

**Alan M. STEIN, Appellee.**

**No. A–2922.**

Court of Appeals of Alaska.

March 8, 1991.

\* Sitting by assignment made pursuant to article

---

Margot O. Knuth, Asst. Dist. Atty., Richard A. Svobodny, Dist. Atty., and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

William Bixby, Valdez, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.\*

OPINION

PER CURIAM.

In January 1986, Alan Stein was convicted in a non-jury trial of commercial fishing in closed waters, in violation of 5 Alaska Administrative Code (AAC) 33.310(c)(5). This case was prosecuted as a violation on a strict liability theory pursuant to *Beran v. State*, 705 P.2d 1280 (Alaska App.1985). A fine of $1,000 was imposed and paid. Two years later, Stein moved to correct his sentence and reduce the fine to $300. Alaska R.Crim.P. 35(a). He relied on *Constantine v. State*, 739 P.2d 188, 190 (Alaska App.1987), in which this court held, as a matter of statutory construction, that the legislature had limited fines for strict liability violations of fishing regulations to $300. The district court denied the motion. On appeal, this court reversed, and held that Stein was entitled to amendment of his judgment. *Stein v. State*, 758 P.2d 132 (Alaska App.1988). We concluded that Stein's sentence was illegal and that the trial court erred in not correcting it. This court noted:

> The parties have not briefed the question whether Stein is entitled to any remedy

IV, section 16 of the Alaska Constitution.

beyond correction of the judgment against him. We express no opinion as to whether the district court has jurisdiction to grant restitution because the parties have not briefed the issue.

*Id.* at 133 n. 1. Subsequently, Stein moved for return of $700 of the $1,000 fine he had paid. The district court granted Stein's motion. The state appeals; we affirm.

The state appears to concede that the district court had jurisdiction to order restitution of the fine. It argues that the district court abused its discretion in doing so. The state relies on equitable principles, citing *Anchorage Independent School District v. Stephens,* 370 P.2d 531 (Alaska 1962), for the proposition that equitable principles govern restitution claims against the state. We have carefully reviewed cases cited by the parties dealing with the appropriateness of granting restitution in cases where citizens pay illegal fines. We are persuaded that Stein should receive restitution of the fine he paid in excess of $300. *See United States v. Lewis,* 342 F.Supp. 833 (E.D.La.1972), *aff'd,* 478 F.2d 835 (5th Cir.1973); *Constantine,* 739 P.2d at 190. As the court pointed out in *Lewis:*

> The Fifth Amendment prohibition against the taking of one's property without due process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law. Fairness and equity compel this result, and a citizen has the right to expect as much from his government, notwithstanding the fact that the government and the court were proceeding in good faith at the time of prosecution.

342 F.Supp. at 836.

In this case, Stein paid an illegal fine under a valid statute. There is no question that Stein's conviction was valid, and that the court could legally impose a fine. Nevertheless, the fine actually imposed exceeded the amount the legislature had permitted. We recognize that some courts have refused restitution under similar circumstances, in reliance on the rule that a payment voluntarily made pursuant to a mistake of law is not recoverable. *See, e.g., Prilliman v. City of Canon City,* 146 Colo. 159, 360 P.2d 812 (1961). We are satisfied that this rule should not be adopted in this jurisdiction. In our view, the principles of equity favor Stein and persuade us to affirm the judgment of the district court.

The judgment of the district court is AFFIRMED.