Craig B. HERMAN, Thomas J. Opfar, and Bobby Lee Boog Jr., for and in behalf of a class of persons similarly situated, Plaintiffs and Appellants,

v.

STATE of Utah, Attorney General, Judicial District Judges, Prosecutors, Attorneys, and John Does 1–10, Defendants and Appellees.

No. 890538.

Supreme Court of Utah.

Nov. 26, 1991.

Craig B. Herman, pro se.

Bobby Lee Boog, pro se.

Thomas J. Opfar, pro se.

R. Paul Van Dam, Lorenzo Miller, Salt Lake City, and C. Dane Nolan, Murray, for defendants and appellees.

PER CURIAM:

Plaintiffs brought this petition for habeas corpus pro se, alleging that their respective rights to equal protection under the fourteenth amendment to the United States Constitution and their rights to the uniform operation of laws under article I, section 24 of the Utah Constitution had been violated. As a result, they argue, they have been deprived of due process of law under the fifth and fourteenth amendments to the United States Constitution and article I, section 7 of the Utah Constitution.

Each plaintiff was convicted of some form of child sex crime and received a minimum mandatory sentence. Plaintiffs contend, however, that others within the class of persons who have been convicted of these crimes or who have pleaded guilty have been granted probation and have received suspended sentences or reduction of the offense to a lower category, in violation of Utah Code Ann. § 76–3–406, and that these other offenders have not qualified for the "incest exception."[1] Plaintiffs do not complain that some offenders have not

---

1. Utah Code Ann. § 76–3–406 provides for a mandatory prison sentence for any person who is convicted of a list of specific crimes, each of which is a felony of the first degree and involves some form of child sexual molestation. However, section 76–5–406.5 is an exception to that statute. The sentencing court may place an offender on probation if he or she meets all the requirements of section 76–5–406.5. The threshold requirement for application of the latter statute is that the offender be the parent, stepparent, adoptive parent, or legal guardian in relation to the victim. This statute has come to be known as the "incest exception." The basis for this exception is discussed in detail in *State v. Copeland*, 765 P.2d 1266 (Utah 1988), where this court upheld the constitutional validity of the statute on equal protection and due process grounds.

**458**

been charged at all, nor do they raise an issue concerning a prosecutor's discretion to charge a lesser crime as part of a plea bargain. They argue only that they have received prison sentences while others have not and have therefore received unequal protection of the laws.

In an effort to prove that other offenders did not receive the same sentence as they, plaintiffs offered as evidence clippings of several newspaper articles and letters sent to newspaper editors and an uncertified copy of a judgment from a different district court in another case. Though these items are all hearsay, the trial court did not disallow this evidence. Instead, the court ruled that all of the evidence was irrelevant, even if any of it showed that others who were not entitled to the incest exception escaped incarceration, which it does not. The judge stated that the fact that others may have received a sentence which violated the statute did not justify sentencing plaintiffs in a similarly illegal manner. The court ruled that inasmuch as plaintiffs received the sentences required under the law, their rights to equal protection were not violated. The petition was dismissed, and plaintiffs have appealed. We find no error.

In essence, plaintiffs allege selective enforcement of the child sexual abuse laws. However, even proof that they were tried, convicted, and sentenced while others who were convicted of the same crime went unpunished does not show a violation of plaintiffs' rights to equal protection of the law. At best, the argument would show only laxity in enforcement of the law. But laxity in enforcement of the law with respect to others is not a defense to enforcement of the law against plaintiffs.[2] Plaintiffs have failed even to allege that there is an intentional and deliberate plan on the part of state officials to enforce the law selectively against them. Their argument therefore fails.

We have carefully reviewed and considered the other points raised by plaintiffs on appeal and find them also to be without merit.

Affirmed.

---

**2.** *See State v. Bell,* 785 P.2d 390, 404–05 (Utah 1989); *Thiokol Chemical Corp. v. Peterson,* 15 Utah 2d 355, 393 P.2d 391, 395 (1964). Our sister states are in accord. *See People v. Thorpe,* 641 P.2d 935 (Colo.1982); *State v. Bowman,* 104 Idaho 39, 655 P.2d 933 (1982); *Pork Motel, Corp.*

*v. Kansas Dep't of Health & Environment,* 234 Kan. 374, 673 P.2d 1126 (1983); *In re Initiative Petition No. 272, State Question No. 409,* 388 P.2d 290 (Okla.1963); *Somer v. Woodhouse,* 28 Wash.App. 262, 623 P.2d 1164 (1981).