**Robert Gregory BURLETT, Plaintiff and Appellant,**

v.

**M. Tamara HOLDEN, Warden Utah State Prison, Draper Facility, Defendant and Appellee.**

**No. 910300–CA.**

Court of Appeals of Utah.

July 22, 1992.

Robert Gregory Burlett, pro se.

R. Paul Van Dam and Frank D. Mylar, Salt Lake City, for defendant and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

BILLINGS, Associate Presiding Judge:

While an inmate at the Utah State Prison, appellant Robert Gregory Burlett (Burlett) filed a writ of habeas corpus with the Third Judicial District Court. Burlett's petition asserted that a restitution order issued by prison officials following a disciplinary hearing constituted cruel and unusual punishment and violated his right to due process. The district court dismissed Burlett's petition. Burlett now seeks reversal of the district court's decision. We affirm.

### FACTS

On August 25, 1990, a prison guard observed Burlett swallow eighty to one hundred aspirin and Tylenol pills. Burlett was then transported to the University of Utah Medical Center for treatment. A Notification of Major Disciplinary Action was issued and a hearing date set based on this incident. The charges against Burlett

were as follows: (1) Violation of "B2R," "Manipulation of housing assignment by use of violent, threatening, or disruptive behavior;" (2) Violation of "B2S," "Disorderly Conduct;" and (3) Violation of "B2Q," "Failure to take medicine as prescribed."

On August 29, 1990, following a hearing at the prison, a prison hearing officer issued "Major Disciplinary Findings." In his findings the officer found Burlett guilty of "B2R." The officer did not find Burlett guilty of the other charges, "B2S" and "B2Q," indicating that these charges were "lesser included charges in the B2R."

The hearing officer ordered seven days of "Punitive Isolation" and recommended that Burlett "pay restitution for expenses of transporting him to the UMC Facility." On October 12, 1990, the warden, appellee herein, accepted the hearing officer's recommendation and ordered Burlett to pay restitution in the amount of $309.00.

In February 1991, Burlett filed a writ of habeas corpus with the district court under Utah Rule of Civil Procedure 65B(f) [1], challenging only the restitution order. Appellee moved to dismiss the habeas corpus petition on two grounds: (1) that Burlett failed to exhaust his administrative remedies before filing his petition, and (2) that Burlett failed to allege facts supporting his claim that his constitutional rights had been violated. The district court granted appellee's motion. Burlett appeals the district court's dismissal of his petition for writ of habeas corpus.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ As a threshold matter, appellee contends Burlett failed to exhaust his administrative remedies prior to filing his petition for writ of habeas corpus. In *Smith v. Turner*, 12 Utah 2d 66, 362 P.2d 581 (1961), the Utah Supreme Court emphasized the importance of prisoners' exhausting their administrative remedies prior to petitioning for a writ of habeas corpus. The court stated that for a petitioner to skirt the prison administrative process and seek aid through use of the writ of habeas corpus "is an affront to the dignity and capability of that administrative body, who has supervision and control of not only the personnel of the state prison, but its medical and hospital facilities." *Id.*, 362 P.2d at 583; accord *Ziegler v. Miliken*, 583 P.2d 1175, 1176 (Utah 1978).

Appellee relies on *Ziegler* in claiming Burlett failed to exhaust his administrative remedies prior to filing his petition for writ of habeas corpus. In *Ziegler*, the petitioner was an inmate in the Utah State Prison. Following an attempted escape and assault upon a prison guard, Ziegler was placed in isolation. Ziegler filed a petition for a writ of habeas corpus in district court, "alleging cruel and unusual punishment in denying his constitutional rights of free speech, freedom of religion, and access to the library and to legal materials." *Ziegler*, 583 P.2d at 1176. The district court ruled Ziegler had failed to exhaust his administrative remedies and had not shown any grounds for relief.

On appeal, the Utah Supreme Court held that "the petitioner has not exhausted his administrative remedy by applying for relief to the Warden, or to the Board of Corrections, whose duty it would be to consider such complaints and put into effect any appropriate remedy." *Id.* To reach this result, the court relied on Utah Code Ann. §§ 64-13-10 and -21 (1977). Although *Ziegler* is factually very similar to the present case, appellee's reliance on this case is misplaced since the statutes upon which the *Ziegler* court relied were repealed in 1985.

Appellee points neither to statute nor regulation that provides for further administrative review of this prison disciplinary action. Furthermore, in our independent

---

1. Rule 65B of the Utah Rules of Civil Procedure was amended effective September 1, 1991. Rule 65B(f) no longer exists and has been replaced by Rule 65B(c). The revision "endeavors to simplify the procedure in habeas corpus cases and provides for a means of summary dismissal of frivolous claims." Utah R.Civ.P.R. 65B advisory committee's note. The amended rule is not applicable to this case.

review, we are unable to locate any statutory or regulatory provisions that provide for such a review. The Utah Administrative Procedures Act specifically excludes "state agency actions relating to ... the discipline of, resolution of grievances of, supervision of, confinement of, or the treatment of, inmates or residents of any correctional facility." Utah Code Ann. § 63–46b–1(2)(c) (Supp.1991); *see also* Utah Code Admin.P. R251–701–2(G) (1992) ("All inmate complaints are grievable except complaints against decisions and procedures of the Board of Pardons, disciplinary decisions, and classification decisions.").

Therefore, on the record before us, we conclude appellee's claim that Burlett failed to exhaust his administrative remedies is without merit.

## CONSTITUTIONAL VIOLATION

■ The second requirement in granting a writ of habeas corpus is a showing that the constitutional rights of the individual have been adversely affected. In *Wickham v. Fisher*, 629 P.2d 896 (Utah 1981), the Utah Supreme Court recognized the appropriateness of the use of a writ of habeas corpus to attack conditions of confinement. The court noted that the "writ [of habeas corpus] is an appropriate means for attacking abuses within the prison system which constitute a denial of constitutional rights." *Id.* at 900. The court also stated that "the issuance of a writ of habeas corpus in such a case would result only in the elimination of that specific condition of physical imprisonment and not in [the prisoner's] release from every aspect of physical imprisonment." *Id.* (*quoting Cravatt v. Thomas*, 399 F.Supp. 956, 962–63 (W.D.Wis.1975)). The court cautioned, however, that "[p]roblems concerning or arising out of internal prison administration will be addressed by the courts only with reluctance and upon a showing of a violation of important rights." *Id.* at 901.

The Department of Corrections may require an inmate to pay restitution for expenses incurred as a result of a violation of department rules. Utah Code Ann. § 64–13–33 (1986).[2] Initially, Burlett alleges that imposition of an order of restitution under this statutory authority has violated his right not to be deprived of property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). Courts have clearly held "that some kind of hearing is required at some time before a person is finally deprived of his property interests." *Id.*, 418 U.S. at 558–59, 94 S.Ct. at 2975. However, Burlett was provided with notice of the charges against him, as well as a hearing regarding the alleged disciplinary violations. At the disciplinary hearing, Burlett pleaded guilty to the charges against him, following which the sanction of restitution was imposed. Burlett's due process rights were not violated as he was afforded an administrative hearing before the restitution order was imposed.

■ Burlett further contends that imposition of the restitution order constitutes cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. "To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The "Eighth Amendment prohibits [only] punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain.'" *Id.* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The imposition of restitution to cover expenses of transportation following a disciplinary violation is not the type of punishment prohibited by the Eighth Amendment.

2. Section 64–13–33 states:

Following an administrative hearing, the department is authorized to require restitution from an offender for expenses incurred by the department as a result of the offender's violation of department rules. The department is authorized to require payment from the offender's account or to place a hold on it to secure compliance with this section.

## CONCLUSION

Appellee's claim that Burlett failed to exhaust his administrative remedies prior to his petition for a writ of habeas corpus fails. However, Burlett has failed to establish that his constitutional rights have been violated. We, therefore, affirm the district court's decision dismissing Burlett's petition for a writ of habeas corpus.

BENCH and GREENWOOD, JJ., concur.