STATE of Utah, Plaintiff and Appellee,

v.

Todd Allen PARKER, Defendant
and Appellant.

No. 920732–CA.

Court of Appeals of Utah.

March 16, 1994.

Joan C. Watt (argued), Lisa J. Remal, Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Jan Graham, State Atty. Gen., J. Kevin Murphy, Asst. Atty. Gen. (argued), Salt Lake City, for appellee.

Before BILLINGS, GREENWOOD and DAVIS, JJ.

## OPINION

BILLINGS, Presiding Judge:

Defendant Todd Allen Parker appeals the trial court's order denying return of money he paid to the Fremont Center, as a condition of his probation, after his conviction was reversed and vacated. We affirm. Both Judge Davis and Judge Greenwood concur in sections I. and II.A. of this opinion. However, neither Judge Davis nor Judge Greenwood concurs in section II.B. and thus, Judge Davis's opinion is the majority opinion on the return of fees.

## FACTS

In September of 1990, defendant was charged with three counts of burglary. He pled not guilty and moved to suppress all evidence seized following his arrest. The trial court denied the motion to suppress, and after a bench trial, convicted him on all three counts.

Defendant was sentenced to serve one to fifteen years at the Utah State Prison concurrently and to pay a fine of $10,000, on each count. The trial judge stayed the prison sentence and placed defendant on eighteen months probation. As conditions of his probation, defendant was required to pay a fine of $800 plus a twenty-five percent surcharge, make full restitution, complete a high school education program, complete a program at Salt Lake County Mental Health, and attend the Fremont Center, a secure residential facility run by the State Department of Corrections for parolees and proba-

tioners. Defendant paid the fine, made restitution, and attended the Fremont Center. As a condition of participating in the Fremont program, he was required to pay a monthly fee to the Center.

Defendant successfully appealed his burglary convictions. This court reversed and remanded in *State v. Parker*, 834 P.2d 592 (Utah App.1992), finding that the evidence supporting his convictions was obtained as the result of an unconstitutional arrest. Upon remand and pursuant to the State's motion, the trial court entered an order dismissing the criminal case against defendant on July 31, 1992, thereby vacating his convictions.

On August 20, 1992, twenty days after the order of dismissal, defendant filed a motion captioned "Motion for Return of Fine, Costs and Fees and Notice of Hearing." Defendant sought reimbursement for the fees and fines he paid following his conviction. The trial court ruled,

> Based upon the defendant's motion for return of fines, costs and fees which was heard on the dates of September 4, 1992 and September 15, 1992, and good causes appearing; It is hereby ordered that fines shall be returned to the defendant but any money paid for rehabilitation will not be returned to the defendant.

It is from this order defendant now appeals.

The State argues as a threshold matter that this appeal should be dismissed for lack of jurisdiction. Specifically, the State claims that the original order dismissing the case against defendant was a final judgment from which defendant had ten days, under Rule 59(e) of the Utah Rules of Civil Procedure, in which he could move to amend that judgment. Alternatively, the State argues that

defendant is not entitled to the return of the money he paid to the Fremont Center because the fees were paid to the state for treatment which he received.

Defendant responds that the trial court had jurisdiction over the motion under either Rule 22(e) of the Utah Rules of Criminal Procedure, which permits a court to "correct an illegal sentence ... at any time," or under Rule 60(b) of the Utah Rules of Civil Procedure, which permits post-judgment relief in specific circumstances. Further, he argues the fees he paid to the Fremont Center as a condition of his probation should be returned to him because they were paid incident to his conviction which has been vacated.

## I. JURISDICTION

Defendant's motion captioned "Motion for Return of Fine, Costs and Fees and Notice of Hearing" was filed in the trial court twenty days after entry of the order of dismissal. The motion does not indicate which provision of the Utah Rules of Civil or Criminal Procedure authorizes the motion. The court's order, which returned the fines but denied the refund of fees paid to the Fremont Center, likewise fails to specify the procedural rule under which the court considered the motion.[1]

How defendant's motion is characterized determines this jurisdictional issue. If we treat the motion as one under Rule 59(e), to alter or amend the judgment, then it should not have been considered by the trial court because it was filed later than ten days after entry of the order. However, if we construe it as brought under either Rule 22(e)[2] or under Rule 60(b), then the trial court properly considered the motion.

---

**1.** "The lack of reference to the provision under which ... a motion is brought greatly increases the burden on both the trial and the appellate courts by making it difficult to determine not only the substantive merits of the appeal, but also whether the motion was timely filed." *Fackrell v. Fackrell*, 740 P.2d 1318, 1319 (Utah 1987).

**2.** We summarily dispose of defendant's claim that the motion and order were based on Rule 22(e) of the Utah Rules of Criminal Procedure. An "illegal sentence" under Rule 22(e) applies to situations where the sentence does not conform

to the crime of which the defendant has been convicted, or the sentence was imposed in an illegal manner. *See, e.g., State v. Babbel*, 813 P.2d 86, 87 & n. 1 (Utah 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992); *Herman v. State*, 821 P.2d 457, 458 (Utah 1991) (per curiam); *Helmuth v. Morris*, 598 P.2d 333, 335 (Utah 1979); *Rammell v. Smith*, 560 P.2d 1108, 1109 (Utah 1977). Here, defendant's sentence was legal when given, and thus Rule 22(e) is inapplicable.

The portion of Rule 60(b) relevant to this appeal provides for relief from a final judgment:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons [under subsection] (1) ... not more than 3 months after the judgment, order, or proceeding was entered or taken.

Utah R.Civ.P. 60(b).

■ The fact that defendant did not label his motion a Rule 60(b) motion is not dispositive. *See Kunzler v. O'Dell,* 855 P.2d 270, 273 (Utah App.1993); *Darrington v. Wade,* 812 P.2d 452, 457 (Utah App.1991). In determining the character of a motion, the substance of the motion, not its caption, is controlling. *Kunzler,* 855 P.2d at 273; *Darrington,* 812 P.2d at 457. Furthermore, the trial court acted on the merits of the motion and thus de facto considered it as timely. *See State v. Belgard,* 830 P.2d 264, 266 (Utah 1992) (per curiam). We agree with defendant that consideration by the court of the return of fines and fees was the proper subject of a motion under either Rule 60(b)(1) or 60(b)(7),[3] and not under Rule 59(e).

### A.  Rule 60(b)(1)

This court has previously said:

> In order for a party to be relieved from judgment under Rule 60(b)(1), the party must demonstrate not only that the judgment resulted from mistake, inadvertence, surprise, or excusable neglect, but also that the motion to set aside was timely, and that there exist issues worthy of adjudication.

*Richins v. Delbert Chipman & Sons Co.,* 817 P.2d 382, 387 (Utah App.1991).

■ The trial court appropriately considered defendant's motion under subsection (1) because the order of dismissal should have dealt with defendant's sentence, and failure to do so was an inadvertence. *See Thomas A. Paulsen Co. v. Industrial Comm'n,* 770 P.2d 125, 130 (Utah 1989) (analogizing workers' compensation statute to Rule 60(a), the court found the administrative law judge's failure to state liability determination in clear terms was inadvertence). Defendant's motion was timely under Rule 60(b)(1) as it was filed well within the three-month period; furthermore, it involved issues worthy of adjudication.

### B.  Rule 60(b)(7)

Alternatively, subsection (7), the residuary clause of Rule 60(b), would also have allowed the court to consider defendant's motion. Subsection (7) allows for relief for "any other reason justifying relief from the operation of the judgment."

Two Utah cases, similar to the case at hand, have treated motions as if they were made pursuant to Rule 60(b)(7). First, in *Kunzler v. O'Dell,* 855 P.2d 270 (Utah App. 1993), O'Dell filed a post-judgment motion for "clarification of the judgment" because in its judgment, the court described a fence line in a manner inconsistent with its legal ruling. After a hearing, a new judgment was entered. *Id.* at 272. Kunzler argued that the new judgment could only have been proper if brought pursuant to Rule 59 or Rule 60. Because no motion was filed under either of these rules, he claimed procedural error. *Id.* at 273. This court found the motion sufficient to invoke Rule 60(b), thus affirming the trial court's judgment clarifying its original order and stating, "When the substance of a mislabeled motion is in essence the same as a motion under Rule 60(b), courts can use the rule to grant relief." *Id.* at 274.

---

3.  Although there is no Utah rule or case telling us which rule to select when two rules of procedure apply, the supreme court, in analogous situations, has chosen the provision which most benefits the party seeking relief. *See, e.g., State v. Loveless,* 581 P.2d 575, 577 (Utah 1978) (holding where two statutes proscribe the same conduct but impose different penalties defendant is entitled to the lesser penalty); *Hardinge Co. v. Eimco Corp.,* 1 Utah 2d 320, 323, 266 P.2d 494, 496 (1954) (stating rule that when determining which of two statutes of limitations applies the longer rather than the shorter is preferred).

Similarly, in *Darrington v. Wade,* 812 P.2d 452, 457 (Utah App.1991), the trial court lifted a default judgment in favor of Darrington and entered summary judgment for Wade in a personal injury action. *Id.* at 455. Darrington claimed that once the default judgment was entered it could be vacated only in accordance with Rule 60(b), upon a proper motion to set aside the judgment. *Id.* at 456. Wade never filed a formal motion asking the court to set aside the default judgment, as required by Rule 60(b); however, he did file a timely objection to the proposed order prepared by Darrington's counsel, and also filed additional memoranda supplementing the initial objections. *Id.* at 455. This court found:

> In this case, Wades' [sic] supplemental statement of objections, though clearly mislabeled, was the functional equivalent of a Rule 60(b) motion to set aside the judgment. The statement was filed in contemplation of Rule 60(b), and contained the same kinds of arguments and assertions one would normally expect to find in a motion to set aside the judgment. Most importantly, the trial court treated it as such a motion.

*Id.* at 457.[4]

In the instant case, defendant's motion is captioned "Motion for Return of Fine, Costs and Fees and Notice of Hearing." The body of the motion states:

> COMES NOW the defendant above named by and through his attorney of record LISA J. REMAL, and hereby moves this court to order the return of any fines, costs and fees he paid as part of his sentence in the above-entitled case. Grounds for this motion are that defendant's conviction was overturned by the Utah Court of Appeals and his case was thereafter dismissed. It is, therefore, in the interest of justice that all fines, costs and fees paid by the defendant be returned to him.

Defendant's motion asserts two reasons justifying relief from the operation of

the judgment: (1) his conviction was overturned, and (2) justice is best served by returning to him all fines, costs and fees. Although not properly labeled, the motion was in substance a Rule 60(b) motion, containing arguments one would expect to find in a motion to set aside the judgment. Furthermore, since the motion was filed within twenty days of judgment, it was filed within a reasonable time. *See Kunzler,* 855 P.2d at 275 (finding seven weeks was reasonable time for Rule 60(b) motion). Therefore, defendant's motion was sufficient to invoke Rule 60(b)(7) relief, and the trial court could have alternatively considered it on that ground.

## II. RETURN OF FEES

Defendant argues the trial court erred in refusing to return fees he was required to pay to the Fremont Center, as a condition of his probation, after his conviction was reversed on appeal, the case against him was dismissed, and his conviction was vacated. "A trial court's decision to grant or deny a 60(b) motion will not be overturned absent an abuse of discretion." *Baker v. Western Sur. Co.,* 757 P.2d 878, 881 (Utah App.1988); *accord Fackrell v. Fackrell,* 740 P.2d 1318, 1320 (Utah 1987).

### A. Rule 28 of the Utah Rules of Criminal Procedure

Initially, defendant claims that Rule 28 of the Utah Rules of Criminal Procedure requires the State to return the money he paid to the Fremont Center. This rule provides:

> If a judgment of conviction is reversed, a new trial shall be held unless otherwise specified by the appellate court. Pending a new trial or other proceeding, the defendant shall be detained, or released upon bail, or otherwise restricted as the trial court on remand determines proper. If no further trial or proceeding is to be had a defendant in custody shall be discharged, and a defendant restricted by bail or otherwise shall be released from restriction

---

4. Considering a similar situation, in *Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1064–65 (Utah 1991), the Utah Supreme Court found that an improperly labeled motion did not bar the trial court from treating it as a motion for a new trial under Rule 59, as it was effectively a motion for new trial.

and bail exonerated and *any deposit of funds* or property refunded to the proper person.

Utah R.Crim.P. 28(a) (emphasis added). For Rule 28(a) to mandate the return of the money defendant paid to the Fremont Center, that money must be a "deposit" within the meaning of the rule.

No Utah case has interpreted the portion of Rule 28(a) requiring "any deposit of funds or property [to be] refunded to the proper person." Therefore, we look to the rules of statutory construction for guidance. "[A] statutory term should be interpreted and applied according to its usually accepted meaning, where the ordinary meaning of the term results in an application that is neither unreasonably confused, inoperable, nor in blatant contradiction of the express purpose of the statute." *Morton Int'l, Inc. v. State Tax Comm'n,* 814 P.2d 581, 590 (Utah 1991) (citations omitted). Black's defines a deposit as:

A bailment of goods to be kept by the bailee without reward, and delivered according to the object or purpose of the original trust. In general, an act by which a person receives the property of another, binding himself to preserve it and return it in kind. The delivery of chattels by one person to another to keep for the use of the bailor....

Money placed with a person as an earnest or security for the performance of some contract, to be forfeited if the depositor fails in his [or her] undertaking.

Black's Law Dictionary 438 (6th ed. 1990).

■ Under this definition, the money defendant paid to the Fremont Center does not qualify as a deposit. Defendant paid the money in order to participate in the program with no understanding that it would be returned. Thus, Rule 28 does not mandate the return of the money defendant paid to the Fremont Center.

### B.  Incident of Conviction [5]

Defendant further contends that if Rule 28 does not dictate the return of the fees, then federal due process does. This court has never considered whether fees paid by a defendant for court-ordered participation in a state-run secure residential program must be returned when a conviction is vacated. Defendant relies on cases from other jurisdictions that have ordered fines refunded after a defendant has successfully appealed, reasoning that fees, like fines and court costs, are paid as an incident of conviction.[6] *See, e.g., United States v. Lewis,* 342 F.Supp. 833 (E.D.La.1972), *aff'd,* 478 F.2d 835 (5th Cir. 1973); *Ex Parte McCurley,* 412 So.2d 1236 (Ala.1982); *State v. Stein,* 806 P.2d 346 (Alaska Ct.App.1991) (per curiam); *State v. Danielson,* 809 P.2d 937 (Alaska Ct.App.1991); *People v. Meyerowitz,* 61 Ill.2d 200, 335 N.E.2d 1 (1975); *State v. Piekkola,* 90 S.D. 335, 241 N.W.2d 563 (1976), *overruled in part on other grounds, In re Estate of Erdmann,* 447 N.W.2d 356 (S.D.1989).

The first case articulating this reasoning is *United States v. Lewis,* 342 F.Supp. 833 (E.D.La.1972), *aff'd,* 478 F.2d 835 (5th Cir. 1973). There, the court ordered the return of fines which were imposed after the defendant pled guilty to criminal charges pursuant to a statute which was subsequently determined, retroactively, to be unconstitutional. In its opinion, the district court stated:

While there are no means available to compensate a person who has been imprisoned for violating a statute that is subsequently found constitutionally void and retrospectively applied, there is always a means for such a person to recoup his losses when the loss takes the form of a monetary fine.

---

5. We decline to reach defendant's due process challenge under article I, section 7 of the state constitution because he provides no independent state constitutional analysis. *State v. Archambeau,* 820 P.2d 920, 927 n. 13 (Utah App.1991). "As a general rule, we will not engage in state constitutional analysis unless an argument for different analyses under the state and federal constitutions is briefed." *State v. Lafferty,* 749 P.2d 1239, 1247 n. 5 (Utah 1988).

6. Like fines, courts have also ordered the return of statutory surcharges paid by a defendant as a part of his or her sentence after the conviction is overturned. *See, e.g., People v. Floyd,* 61 N.Y.2d 895, 474 N.Y.S.2d 476, 462 N.E.2d 1194 (1984) (mem.).

*The Fifth Amendment prohibition against the taking of one's property without due process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law.* Fairness and equity compel this result, and a citizen has the right to expect as much from his [or her] government, notwithstanding the fact that the government and the court were proceeding in good faith at the time of prosecution.

*Lewis,* 342 F.Supp. at 836 (emphasis added). Affirming on appeal, the Fifth Circuit stated: "Just as the imposition of a fine is an *incident of a criminal conviction,* so is the direction for repayment an incident to the vacating and setting aside of the conviction." *Lewis,* 478 F.2d at 836 (emphasis added).

Likewise, in *State v. Piekkola,* 90 S.D. 335, 241 N.W.2d 563 (1976), *overruled in part on other grounds, In re Estate of Erdmann,* 447 N.W.2d 356 (S.D.1989), the South Dakota Supreme Court ordered the return of fines and court costs paid by the defendant when the state statute under which he was convicted was declared unconstitutional. Agreeing with *Lewis,* it stated:

> Respondent's right to obtain full relief from the consequences of his conviction should not be doubted. There is no manifest rationale for terminating his probationary status while retaining his money. . . . Even as the court had the right to set aside Defendant's conviction it had the right and the duty to set aside the resulting sentence, including the fine and court costs imposed. *Once the conviction had been set aside the state was without a right to collect or retain the fine and costs and Defendant had a lawful expectation of their return. The refund was incident to the vacation* of the judgment in question.

*Id.,* 241 N.W.2d at 564 (emphasis added).

Similarly, in *People v. Meyerowitz,* 61 Ill.2d 200, 335 N.E.2d 1 (1975), the Illinois Supreme Court held that the defendants could recover fines and court costs after an intervening decision, which applied retroactively, invalidated their convictions. Citing to *Lewis* and *Piekkola,* the court stated: "We are of the opinion that the money, hav-

ing been received in payment of fines imposed as an *incident to judgments of conviction,* should be ordered refunded as an incident to the vacation of the judgments under which it was ordered paid." *Id.,* 335 N.E.2d at 8 (emphasis added).

Although not using the "incident" language, the court in *State v. Superior Court,* 2 Ariz.App. 545, 410 P.2d 502 (1966), affirmed the refund of a fine when the conviction was overturned on appeal because

> the remedy of appeal must be complete and adequate whether a bond is posted or not. On a successful appeal the person charged is entitled to all the *benefits of his success* . . . . The fine paid in lieu of bond and possibly in lieu of confinement until he could post bond and until the appeal could be perfected, is to be restored to him.

*Id.,* 410 P.2d at 504 (emphasis added).

The incident of conviction analysis supports returning to defendant the fees he paid to the Fremont Center. Defendant was punished by the court when he was required as a condition of probation to be confined at the state-run Fremont Center and to pay a fee to qualify for this program. He had no choice but to abide by this term of his probation, and this part of his probation certainly had a punitive as well as a rehabilitative component. A punishment is "[a]ny fine, penalty, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a court." Black's Law Dictionary 1234 (6th ed. 1990); *see People v. Stead,* 845 P.2d 1156, 1159–60 (Colo.1993) (finding surcharge accompanying fine was punishment because it directly served the purposes of prevention and rehabilitation). The fees defendant was required to pay for his confinement at this state-run secure facility were thus incident to his conviction.

The majority relies on the fact that the fees were paid as an incident of his probation to distinguish them from the authority requiring their return as incident to his conviction. However, this is also true of fines. A person is often required to pay a fine as part of his probation yet this does not mean it is not incident to a conviction.

Judge Davis takes the author to task for relying on a due process analysis in requiring the state to return fees it extracted from defendant as a result of his conviction. First, I note that the seminal opinion of *United States v. Lewis*, 342 F.Supp. 833 (E.D.La.1972), *aff'd*, 478 F.2d 835 (5th Cir. 1973), also employs a due process argument. Furthermore, Judge Davis reads the due process clause of the Fifth Amendment too narrowly. Not only does the Fifth Amendment require notice and a hearing, but it requires that the state not deprive citizens of their property—here fees paid incident to a conviction—without a valid legal basis. In the present case, the legal basis for the payment of the fees is no longer tenable: defendant's conviction has been vacated. Thus, the State violates due process when it takes defendant's property once its legal basis for doing so is gone. While notice and an opportunity to be heard must be observed in order to meet the requirements of procedural due process, *Wells v. Children's Aid Soc'y of Utah*, 681 P.2d 199, 204 (Utah 1984), the opportunity to be fairly heard is just one of the requisites of due process. *See State v. Robinson*, 860 P.2d 979, 982 (Utah App.1993). By limiting due process protections to simply notice and a hearing, the dissent construes the concept of due process too narrowly. "The purpose of due process is to prevent fundamental unfairness." *State v. Maestas*, 815 P.2d 1319, 1325 (Utah App.1991), *cert. denied*, 826 P.2d 651 (Utah 1992); *accord Wells*, 681 P.2d at 204.

Furthermore, although seldom utilized, "[s]ubstantive due process guarantees that no person shall be deprived of ... property for arbitrary reasons." *Allen v. State*, 100 Nev. 130, 676 P.2d 792, 794 (1984) (per curiam); *accord Moreno v. State*, 775 P.2d 497, 500 (Wyo.1989). The Utah Supreme Court has recently used such an approach in limiting governmental immunity. *See generally Condemarin v. University Hosp.*, 775 P.2d 348 (Utah 1989) (plurality opinion). Even Justice Stewart in his dissent acknowledges that substantive due process is implicated in the case of extreme government arbitrariness. *Id.* at 369.

Just as Judge Davis acknowledges that due process guarantees government fairness, I conclude that refusing to return fees defendant paid to the state for his required attendance at a secure residential facility run by the Utah Department of Corrections, results in the arbitrary taking of his property. He was required to pay those fees incident to his conviction, which was subsequently vacated. The state simply has no legal basis for retaining these fees. Unlike Judge Davis, I cannot distinguish this case from the fine, costs, and surcharge cases which he acknowledges were correctly decided.

Finally, it is irrelevant under all the authority cited whether defendant is factually guilty. The fact is that his conviction has been vacated. Accordingly, defendant is now entitled to a return of those fees he was required to pay because his conviction has been vacated.[7]

DAVIS, Judge (concurring in part and dissenting in part):

I concur with that portion of Judge Billings's opinion regarding jurisdiction. However, I respectfully dissent from her determination that due process demands a return of fees that Parker paid to the Fremont Center.

Although Utah's statutory scheme provides for the return of bail and deposits to a defendant when a conviction is vacated, Utah R.Crim.P. 28(a), it does not provide for the return of fees for rehabilitative services.

---

**7.** Defendant is not entitled to compensation for the time he spent at the Fremont Center but only to the fees he paid. There is no waiver of governmental immunity that would allow monetary compensation for time served for a conviction that is overturned on appeal or subsequently vacated. *See generally* Governmental Immunity Act, Utah Code Ann. §§ 63–30–1 to –38 (1993). Consequently, a defendant is only entitled to release from prison, not to compensation or damages, when his or her conviction is overturned on

appeal. *See Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir.1971) (absent authorizing legislation, prisoner released upon invalidation of sentence is not entitled to compensation for time served); *Logan v. Superintendent, Virginia*, 389 F.Supp. 1242, 1243 (E.D.Va.1975) (refusing compensation for prisoner, under 42 U.S.C. § 1983, for time served pursuant to a subsequently voided conviction as there was no "person" from whom compensation could be had). Our holding is consistent with this line of authority.

Thus, support for Judge Billings's position must come from some other source.

Judge Billings relies on cases in which courts in other jurisdictions have found that due process requires a reimbursement of fines paid "incident to conviction" where the conviction is later overturned. *See, e.g., United States v. Lewis,* 342 F.Supp. 833 (E.D.La.1972), *aff'd,* 478 F.2d 835 (5th Cir. 1973); *State v. Superior Court,* 2 Ariz.App. 545, 410 P.2d 502 (1966); *People v. Meyerowitz,* 61 Ill.2d 200, 335 N.E.2d 1 (1975); *State v. Piekkola,* 90 S.D. 335, 241 N.W.2d 563 (1976). She also relies on a case where the court approved refund of surcharges, which are fees paid into a general fund and for which a defendant receives no specific benefit. *See People v. Floyd,* 61 N.Y.2d 895, 474 N.Y.S.2d 476, 462 N.E.2d 1194 (App.1984) (mem.).

Judge Billings properly identifies fines and surcharges as "incidents of conviction" for which reimbursement is required. She then expands the concept to include fees paid to a public rehabilitation facility, reasoning that Parker "had no choice but to abide by this term of his probation."

■ It is from this portion of her analysis that I dissent. I do not believe that fees paid for services received at a rehabilitation center constitute incidents of conviction requiring reimbursement because (1) such fees are part of the rehabilitative process rather than punitive, and (2) Parker received a benefit for those fees.

■ Probation "is an act of grace by the court suspending the imposition or execution of a convicted offender's sentence upon prescribed conditions." Utah Code Ann. § 77–27–1(10) (Supp.1993). The purposes of probation are "reform and rehabilitation" rather than punishment. Black's Law Dictionary 1202 (6th ed. 1990) (citing *Baine v. Beckstead,* 10 Utah 2d 4, 347 P.2d 554, 558 (1959)).

■ The cases on which Judge Billings relies do not require the result reached thereby and are equally supportive of the trial court's ruling because fines and surcharges are primarily punitive and because a defendant does not receive or have the potential to receive a direct benefit therefrom. In this case, Parker paid the partial fees to the Fremont Center in consideration for rehabilitative and other services such as room, board, high school education courses, counseling, psychosocial services and employment experiences. Thus, such fees are better categorized as incidents of probation and rehabilitation rather than incidents of conviction.

Parker's need for rehabilitative services is undisputed: His attorney acknowledged at the sentencing hearing that Parker needed formal probation and vocational rehabilitation and his factual guilt is not at issue. Under these circumstances, Parker was in a position to receive a direct benefit at the Fremont Center in consideration for the partial fees he paid. Compelling the State to reimburse those fees would, in effect, unjustly enrich Parker at the State's expense. Justice does not require a refund of money from which Parker has either benefited or been given the opportunity to benefit. Moreover, the Fremont Center in good faith accepted Parker's money. In return, it rendered rehabilitative services while the conviction was still in effect and not yet overturned.

Judge Billings concedes that had Parker elected prison time rather than probation, he could not sue the State to recover compensation or damages.[1] Yet by electing probation over prison time, Judge Billings would allow Parker to avail himself of a remedy not otherwise available. To my mind, this reasoning is inconsistent.

Perhaps the greatest difficulty I have with expanding the "incidents of conviction" for which the State must make the defendant whole is its potential application to almost any event that may occur as a result of a criminal conviction. For example, would the State be required to reimburse defendants for fees paid to private rehabilitative facilities including vocational schools and hospitals? Would the State be required to, in effect, be the insurer for such facilities? Would the State be required to reimburse the defendant

---

1. While choosing probation over prison is nearly a Hobson's choice, it is nevertheless a choice offered at the discretion of the court. *State v. Rhodes,* 818 P.2d 1048, 1049 (Utah App.1991).

for restitution paid to a victim? Would the State become an insurer for those funds as well? Perhaps most importantly, the prospect of having to make a convicted criminal whole, however remote, may have a chilling effect upon the availability and use of rehabilitative services.

Finally, I disagree with Judge Billings's reliance on due process as a basis for returning the fees paid to the Fremont Center for rehabilitative services. Judge Billings relies on notions of fairness and equity to support her position. *See* Billings opinion at 1046–47 (citing *Lewis,* 342 F.Supp. at 836), which addresses procedural due process). My concern is that Judge Billings's opinion suggests an expansion of the concept of due process whenever it is perceived that one has been treated unfairly. Just as Judge Billings believes I give an unduly restrictive reading to procedural due process, I think her view is unduly broad in this case.

In the instant case, I believe procedural due process requires that Parker be given notice and a hearing before being deprived of his property rights. *See Burlett v. Holden,* 835 P.2d 989, 991 (Utah App.1992) (citing *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974)). Parker received notice and was heard at his sentencing hearing at which he opted to forego serving time in prison, for which he could not be reimbursed, and to instead attend the Fremont Center. In addition, Parker was heard on his Motion for Return of Fine, Costs, and Fees, and he received partial redress under that motion from the trial court. Hence, I see no violation of Parker's procedural due process rights.

Judge Billings appears to rely, I believe incorrectly, on substantive due process to support her conclusion that Parker must be refunded the fees paid the Fremont Center.

As the United States Supreme Court stated recently,

"As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended." The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.

*Albright v. Oliver,* — U.S. —, —, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994) (quoting *Collins v. Harker Heights,* — U.S. —, —, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992). Applying substantive due process here is an unchartered area.[2]

I would affirm the trial court's order denying return of the money paid by Parker to the Fremont Center for rehabilitative services he received there.

GREENWOOD, Judge (concurring in result only with DAVIS, Judge):

I agree with Judge Davis that due process does not require the return of fees paid by defendant to the Fremont Center. However, I do not agree that procedural due process was satisfied in this case by simply providing defendant with notice and a hearing. I also do not believe that defendant's alleged actual guilt has any bearing on the issue presented. Because his conviction was vacated, defendant is entitled to be assumed innocent for all purposes. In these two points, I am in disagreement with Judge Davis and agree with Judge Billings's analysis.

In addition to guaranteeing notice and a hearing, procedural due process invokes fairness considerations. The case referred to as seminal by Judge Billings states as follows: "The Fifth Amendment prohibition against the taking of one's property without due

---

**2.** Judge Billings suggests that the Utah Supreme Court analyzed *Condemarin v. University Hosp.,* 775 P.2d 348 (Utah 1989) using substantive due process. *See* Billings opinion at 1048. However, the use of a substantive due process analysis in *Condemarin* was embraced by two Justices only, and it is therefore not necessarily the law in Utah. *Compare Condemarin,* 775 P.2d at 352–56 & n. 6 (Durham, J.); *id.* at 366–69 (Zimmerman, J., concurring in part) (applying due process)

*with id.* at 369–70 (Stewart, J., concurring) (applying equal protection). *See also Hipwell v. Sharp,* 858 P.2d 987, 988–89 n. 4 (Utah 1993) (discussing differing analyses applied in *Condemarin 's* concurring opinions). Also, *Condemarin* appears to deal with state constitutional law, while Judge Billings addresses Parker's claims under federal due process. *See Condemarin,* 775 P.2d at 348–66; *Hipwell,* 858 P.2d at 988 n. 4.

process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law. Fairness and equity compel this result." *United States v. Lewis,* 342 F.Supp. 833 (E.D.La.1972), *aff'd,* 478 F.2d 835 (5th Cir.1973). Although "fairness" may be in the eye of the beholder, I do not think it mandates return of the Fremont Center fees. As pointed out by Judge Davis, defendant received something in exchange for his payment. Services were rendered to defendant by the Fremont Center. In addition, he avoided incarceration in prison, for which he could not be compensated, and chose not to pursue a stay of his probationary term pending appeal. Fundamental fairness is not denied by refusing to refund the fees to defendant.

Substantive due process, likewise, does not require compensating defendant. As Judge Billings notes, substantive due process protects against arbitrary governmental action. I do not believe that requiring defendant to attend the Fremont Center as a condition of probation could be characterized as arbitrary.